■ In the Matter of MARTIN HURWITZ, Petitioner, v EDWARD V. REGAN, as State Comptroller, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for reinstatement as a Tier I member of the New York State Employees' Retirement System on the ground that he had not rejoined within the five-year period required by law. Petitioner, an assistant county attorney, had been a member of the New York State Employees' Retirement System (hereinafter System) from 1966 to 1970 under Tier I. In January, 1970, petitioner withdrew all the voluntary contributions he had made into an annuity fund and filed a withdrawal application which waived

any rights to the fund and in membership in the System. In January, 1974, petitioner was re-employed in the same position and requested reinstatement under his earlier Tier I registration number rather than a Tier II classification which had become effective in 1973. Petitioner was notified that his former membership had been terminated by the System. He challenged the determination in a hearing held pursuant to section 74 of the Retirement and Social Security Law. The hearing officer reaffirmed the administrative ruling and held that petitioner, by execution of his withdrawal application in 1970, had relinquished his rights in the System and could not be reinstated. While petitioner was pursuing his challenge, Rockland County continued to pay retirement contributions to the System on his behalf. These were returned by the System and petitioner was made aware of this in August, 1975. He then filed an application for membership in Tier II effective September 6, 1975. In 1977, the Retirement and Social Security Law was amended (L 1977, ch 973, § 1) to allow former members of the System who rejoined within five years to be: "entitled to every retirement right, benefit and privilege which would have been available to him had he reentered employment on the date of such discontinuance from service" (Retirement and Social Security Law, § 40, subd f, par 5). Petitioner attempted to be reinstated under this provision, claiming he had evinced a clear intention to rejoin as of January, 1974 and that his membership rights should be based on his April, 1974 application. The System informed him that his 1974 application was not a valid one for membership and his 1975 application was not timely to permit him to take advantage of the 1977 amendment. Petitioner demanded a hearing. The hearing officer confirmed the System's holding and this determination was adopted by the Comptroller. Petitioner urges in this proceeding that the Comptroller's decision denying him membership in the System retroactive to April, 1974, was arbitrary and unreasonable. We disagree. Petitioner never enrolled in the System until September of 1975. The method he elected to pursue in seeking a Tier I classification based on his prior aborted membership was of his own choosing. Since his earlier application was found to be void, the Comptroller's decision denying him retroactive membership was based on substantial evidence and was rational and reasonable. Petitioner also contends that the State should be estopped from denying him membership as of April, 1974 because he was misled by agents of the State, namely, Rockland County, as to his status in that they continued to pay into the System for him while he pursued his challenge for reinstatement. He contends, too, that the State delayed in handing down its ruling unduly long and that his new application was consequently made too late. We find petitioner's argument without merit. The representations petitioner complains of were not made by the Comptroller. Rockland County's actions were in no way binding on the System. In any event, petitioner was fully aware that his Tier I application was being challenged and he failed to file a Tier II application. Finally, the decision made by the Comptroller was made six and one-half months after submission. This is not excessive (see *Matter of Utica Cheese v Barber,* 49 NY2d 1028). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.