■ PEARLINA INNIS et al., Respondents, v STATE OF NEW YORK et al., Appellants, et al., Defendants. — In a proceeding for leave to file a late claim, defendants Downstate Medical Center State University Hospital and the State of New York appeal from an order of the Court of Claims (Silverman, J.), dated May 21, 1981, which granted claimants' motion for leave to file said late claim against them. Order reversed, as a matter of discretion, without costs or disbursements, and motion denied. Claimants, husband and wife, based their claim on the wife's unsuccessful tubal ligation performed by defendant hospital on October 27, 1978. By January of 1979, tests indicated the wife's pregnancy. On February 9, 1979, an abortion was performed and a second tubal ligation followed in April, 1979. On April 24, 1981, claimants moved for leave to file a late claim pursuant to subdivision 6 of section 10 of the Court of Claims Act. In granting the motion, the Court of Claims addressed each of the six delineated factors set forth in subdivision 6 of section 10 and found only the first, whether the delay in filing the claim was excusable, was not satisfied. We agree that the excuses offered for the delay (ignorance of the filing requirement and unsupported allegations of deception by hospital personnel) are insufficient; we disagree, however, with the result reached by the Court of Claims. While subdivision 6 of section 10 of the Court of Claims Act, "among other factors" delineates six specific factors to consider in determining late filing applications, we are cognizant that compliance with all six factors may not be necessary in order for an application to be granted (*Bay Terrace Coop. Section IV v New York State Employees' Retirement System Policemen's & Firemen's Retirement System*, 55 NY2d 979, on remand 89 AD2d 992; *Matter of Butler v State of New York*, 81 AD2d 834). In the instant case, the claimants' motion was made almost two and one-half years after the initial surgery and two and one-third years after the surgery's failure was undeniably known. Thus, where, as here, the defendants' identity, status and nexus to the underlying allegedly negligent act are clearly known within a relatively short time after the act, a claimant's failure to demonstrate any excuse for so substantial a delay in filing a claim warrants a denial of an application even though there has been compliance with all or some of the other factors enumerated in the Court of Claims Act. We do not perceive our decision on remand in *Bay Terrace* (*supra*) or the Court of Claims Act to imply that such an

inordinate delay cannot, by itself, be a sufficient reason to deny a motion to file a late claim. Accordingly, claimants' motion should have been denied. Damiani, J. P., Gulotta, Rubin and Boyers, JJ., concur.