■ SUSAN RICHESON, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 66543.) — Order, Court of Claims of the State of New York (Albert Blinder, J.), entered on October 15, 1982, affirmed for the reasons stated by A. Blinder, J., in the Court of Claims, without costs and without disbursements. Concur — Kupferman, J. P., Sandler and Carro, JJ.

Bloom and Lynch, JJ., dissent in a memorandum by Lynch, J., as follows: We dissent and would reverse and deny the claimant permission to file a late notice of claim. The claimant was injured when her vehicle encountered road construction on Ninth Avenue near 28th Street. The date was April 13, 1979. The construction was by the State of New York. Hence, the claimant had 90 days in which to file a notice of intention of a personal injury claim (Court of Claims Act, § 10, subd 3). The claimant, however, filed a notice of claim with the City of New York, assuming that it was the city's construction project. Claimant's counsel says that he did not learn that it was the State's construction until December 23, 1981. Even then, he waited three and one-half months to move for permission to file a late notice. The consideration of permission for late filing involves those factors, among others, set forth in subdivision 6 of section 10 of the Court of Claims Act. One factor is that the delay is excusable. The court found that the claimant's assumption that her claim was against the city was a reasonable excuse. Under holdings more recent than those cited by the court, such a mistaken assumption has been held inexcusable. (See *Erca v State of New York,* 51 AD2d 611, affd 42 NY2d 854; *Gatti v State of New York,* 90 AD2d 840.) The court also minimized the reasonable-excuse-for-delay factor, stating without citation that "there are other, more important, factors which must be considered". It has been held, however, that inordinate delay of itself, despite compliance with the other statutory factors, may be a sufficient reason to deny permission for late filing (*Innis v State of New York,* 92 AD2d 606). We find that the three years that passed here was such an inordinate delay. It is emphasized by the claimant's failure to have taken action within 90 days after she had learned that the State was the proper party. We also find that the passage of time seriously prejudiced the State by depriving it of an opportunity of making a meaningful investigation (see *Malek v State of New York,* 90 AD2d 659). The court stated that "[w]hile the State certainly has been

prejudiced by the inordinate delay", it was not "substantially prejudiced" because it would have available the claimant's photographs and the city's investigation records. We find substantial prejudice to a defendant forced to rely on a trial file supplied by his adversary and an uninvolved third party.