■ ISABEL RUIZ, Appellant, v STATE OF NEW YORK, Respondent. [633 NYS2d 192] —In a claim to recover damages for personal injuries, the claimant appeals (1) from an order of the Court of Claims (Silverman, J.), entered April 8, 1994, which denied her motion for permission to file a late claim and granted the defendant's cross motion to dismiss the claim, and (2) as limited by her brief, from so much of an order of the same court entered June 16, 1994, as, upon granting renewal and reargument, adhered to its original determination.

Ordered that the appeal from the order entered April 8, 1994, is dismissed, without costs or disbursements, as that order was superseded by the order entered June 16, 1994, made upon renewal and reargument; and it is further,

Ordered that the order entered June 16, 1994, is affirmed insofar as appealed from, without costs or disbursements.

The Court of Claims properly found that the claimant should not be granted leave to file a late claim. While it is true the failure to tender a valid excuse will not in and of itself *mandate* the denial of a timely motion for leave to file a late claim *(see, Bay Terrace Coop. Section IV v New York State Employees' Retirement Sys.,* 55 NY2d 979), it was not an improvident exercise of discretion to deny leave to a claimant who had known about the claimed deficiency in service for over two years, but failed to offer *any* excuse for not making the motion *(see, Innis v State of New York,* 92 AD2d 606, *affd* 60 NY2d 654).

We have examined the claimant's remaining contention and find it to be without merit. Balletta, J. P., Thompson, Ritter and Florio, JJ., concur.