In the Matter of MERLE E. DAY, Respondent, against JOSEPH MRUK et al., as Members of the Board of Police Pensions of the City of Buffalo, Appellants.

Fourth Department, January 13, 1954.

*Gilbert J. Pedersen* for respondent.

*Fred C. Maloney, Corporation Counsel (Gerald J. Shields* of counsel), for appellants.

KIMBALL, J. On September 22, 1952, the petitioner, a member of the police department of the City of Buffalo, applied to the board of police pensions of the city for retirement and pension, pursuant to the provisions of section 464 of the Buffalo City Charter. He had qualified as a policeman June 12, 1930, so that he had slightly over twenty-two years of service. The board of police pensions denied his application, and he instituted this proceeding to compel the board to grant his application. The Special Term granted the petition and ordered the respondents to retire the petitioner on a pension of $2,000 per year. From this order, the respondents appealed.

At the time of petitioner's appointment as a policeman, subdivision (2) of section 464 of the City Charter provided for retirement and pension to '' Any member after twenty years of actual service in said department or a combined service of twenty years in the police and fire departments of the city.'' (Local Laws, 1927, No. 4 of City of Buffalo [published in Local Laws, 1932, p. 21].) Prior to the petitioner's application in 1952, said section 464 of the City Charter was twice amended. Effective on June 30, 1940, the section was changed to provide for retirement upon application of a member '' who has completed thirty years of actual service '' or a member '' who, prior to the time this act as hereby amended takes effect, shall have completed twenty or more years of actual service.'' (Local Laws, 1940, No. 8 of City of Buffalo.) In 1940, the petitioner had not completed twenty years of service. In 1945, the section was again amended to provide for retirement of a member '' who has completed twenty-five years of actual service.'' (Local Laws, 1945, No. 1 of City of Buffalo.) At the time of his application in 1952, the petitioner had not completed twenty-five years of service. The Special Term held that '' The 20-year retirement provision of the City Charter in existence at the time of petitioner's employment and for some years thereafter is controlling.'' With this decision we cannot agree.

The position taken by the petitioner was that although he was not eligible for retirement and pension under section 464 of the Charter as it read at the time of his application, still, "so far as the petitioner was concerned he could rely on the section as it existed in 1930, and retire after having completed his twenty years of service." The answer to this contention is, of course, that there was no contractual relationship as to pension and retirement benefits until the effective date of the Constitutional Amendment proposed at the Convention of 1938 and adopted and approved by popular vote November 8, 1938 (N. Y. Const., art. V, § 7.) The amendment reads as follows "After July first, nineteen hundred forty, membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired." Prior to the effective date of the amendment, there was no contractual relationship and no vested rights in and to pension benefits. (*Pennie* v. *Reis,* 132 U. S. 464; *Frisbie* v. *United States,* 157 U. S. 160; *Lynch* v. *United States,* 292 U. S. 571; *Roddy* v. *Valentine,* 268 N. Y. 228.)

In the *Roddy* case, Judge CROUCH said in reference to a pension: "But whatever its legal nature may be, there seems to be no doubt that it is subject to change or even to revocation at the will of the Legislature." (P. 231.) The opinion pointed out when and under what circumstances a "mere expectancy" would ripen into a vested right. It is there stated (p. 232): "Where, however, the statutory conditions for retirement existing when application is made have been met and the award of the pension or benefit has been made, or as of right should have been made (*Matter of O'Brien* v. *New York State Teachers' Retirement Board,* 215 App. Div. 220; affd., 244 N. Y. 530), the interest becomes vested and takes on the attributes of a contract, which in the absence of statutory reservations, may not legally be diminished or otherwise adversely affected by subsequent legislation. (*Pennie* v. *Reis, supra*; *People ex rel. Mulvey* v. *York,* 41 App. Div. 419; *Klench* v. *Board of Pension Fund Comrs.,* 79 Cal. App. 171, and cases therein cited.) "

In the instant case, the petitioner had not met the conditions for retirement existing when the application was made.

The Constitutional Convention of 1938 well understood the situation when it proposed the amendment by which pension benefits became contractual obligations. It postponed the effective date of the amendment to July 1, 1940, for the purpose of enabling the State and the local municipalities to arrange their systems as they might be advised prior to July 1, 1940,

recognizing the right so to do under then existing law. (See Revised Record 1938 Constitutional Convention, pp. 1424, 2545, 2982–2992.) This the City of Buffalo accomplished by the enactment of Local Law No. 8 which was effective June 30, 1940.

This petitioner had no contractual relationship with the City of Buffalo prior to July 1, 1940. At that time his contractual rights were fixed by the provisions of the Charter in effect at that time and to entitle him to retirement and pension, he had to meet the requirements of the Charter at that time provided.

The record shows that the petitioner made contributions from his salary to the pension fund. However, it was clearly established that the fund was one created largely out of public moneys.

The order should be reversed and the petition dismissed.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Order reversed on the law and petition dismissed without costs.