Ellis J. Staley, Jr., J.
This is a motion for an order granting-judgment dismissing the complaint herein upon the ground that it fails to state facts sufficient to constitute a cause of action pursuant to CPLR 3211 (subd. [a]).
The complaint alleges that the plaintiffs are school teachers within the .State of New York and members of the New York State Teachers Retirement System; that prior to July 1, 1965 and pursuant to section 504 of the Education Law the Retirement Board of the New York State Teachers Retirement System consisted of seven members, three of which were required to be teachers; that effective July 1, 1965, section 504 of the Education Law provided that said Retirement Board consist of nine members, three of which being required to be teachers; that the amendment of section 504 of the Education Law impairs the contractual relationship of the plaintiffs with the defendant New York State Retirement System and is unconstitutional and void as being in violation of section 7 of article V of the Constitution of the State of New York.
■Section 7 of article V of the Constitution of the State of New York provides; “ After July first, nineteen hundred forty, membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired.”
This section has no other effect than to make membership in the retirement system a contract between the member and the retirement system and to provide that the terms of the contract and the benefits to be derived from said contract could not be diminished or impaired. In other words the benefits of membership in the system became the subject matter of a contract between the parties as of the date membership commenced in the system with the right of the member to enforce the contractual rights then created.
Prior to the effective date of this constitutional amendment the members of a retirement system had no vested rights in pension benefits until retirement status was attained with the benefits being governed by law as it existed on the attainment of retirement status. The purpose of the amendment was to overcome the principle under which pension and retirement *807 benefits were subject to the will of the Legislature and to establish a contractual basis which determined the right and minimum amount of benefits as of the date membership commenced. (Birnbaum v. New York State Teachers’ Retirement System, 4 Misc 2d 356, mod. on other grounds 3 A D 2d 815, revd. on other grounds 5 N Y 2d 1; Matter of Day v. Mruk, 283 App. Div., 233, affd. 307 N. Y. 349.)
In establishing rights to benefits, however, this section of the Constitution did not, nor was it the intent to, confer as a vested right or interest in the management of the fund, nor was it the intent to prevent the Legislature from determining who shall manage the funds of the system.
There is in fact nothing in section 7 of article Y of the Constitution which requires that the fund be managed by the Retirement Board established by section 504 of the Education Law.
Further, under section 3 of article Y of the Constitution the Legislature has the power to abolish the Retirement Board and transfer its powers and functions to another department, officer, board or commission subject only to the contractual rights of the member of the system established by section 7 of article Y.
It is, therefore, the opinion of this court that the complaint herein fails to state facts sufficient to constitute a cause of action and the complaint is dismissed, with no costs allowed.