GEORGE BROWN et al., on Behalf of Themselves and All Other School Teachers in the State of New York, Similarly Situated, Appellants, *v.* NEW YORK STATE TEACHERS RETIREMENT SYSTEM et al., Respondents.

Third Department, May 6, 1966.

*Mishkin & Strear* (*Lawrence H. Strear* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Ruth Kessler Toch* and *Douglas L. Manley* of counsel), for respondents.

AULISI, J. This is an appeal from a judgment of the Supreme Court, County of Albany, which dismissed plaintiffs' complaint for failure to state facts sufficient to constitute a cause of action.

Section 7 of article V of the Constitution of the State of New York provides: "After July first, nineteen hundred forty, membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired." Before July 1, 1965 the Retirement Board of the New York State Teachers Retirement System, pursuant to section 504 of the Education Law, had seven members, three of whom were required to be members of the system, that is, they had to be teachers. An amendment to the Education Law, effective July 1, 1965 increased the board membership to nine, but the number of teachers on the board remained the same. Plaintiffs, school teachers within the State of New York and members of said Teachers Retirement System, allege in their complaint that because the relative representation of teachers on the board has been reduced, section 504 violates the aforesaid section of the New York Constitution.

The specific issue before us, therefore, is whether the proportionate number of teachers on the board is a "benefit" protected by section 7 of article V. In our opinion, said constitutional provision created a contractual right to protect the members of the retirement system in pecuniary matters — i.e., prohibiting any action which would impair or diminish the member's right to payment of pensions, annuities and related monetary advantages — and the term "benefits" did not include representation on the Retirement Board. There is nothing in said article which requires that the fund be managed by the Retirement Board.

It is significant to note in considering the interpretation to be placed on said article that the committee of the 1938 Constitutional Convention proposing and recommending adoption of section 7 wrote: "It is a substantial factor in entering the permanent Civil Service of the government, State or local * * * that the employee can look forward to a pension or retirement allowance when his service is over. That reward or benefit is part of the compensation which he accepts in lieu of the greater rewards of private employment. The membership in a pension or retirement system is, therefore, substantially a contractual relationship when the member joins the system. The benefits which are the essence of that contract should not be diminished or impaired. That protection is given by this proposed amendment." (Revised Record of the 1938 Constitutional

Convention, p. 1405.) We further believe that plaintiffs' contention that the decrease in their voting strength may make it easier for the board to reduce or impair their pecuniary benefits has no merit on the record before us. The board's powers over "benefits" are restricted by said article.

The order and judgment should be affirmed.

GIBSON, P. J., HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Order and judgment affirmed, without costs.