John T, Casey, J.
On July 24, 1940, the petitioner, a teacher in the School District of the City of Rochester, entered the United States Armed Forces. He remained in service continually until November 1, 1962 when he was mandatorily retired on pension. On January 28, 1963 he returned to teaching.
After the absence of 22 years he desired, if possible, to acquire credit in the Teachers’ Retirement System and made inquiry of the system as to his appropriate action. He was told that if he paid $4,422.53 into the ¡system he would receive credit for the entire period of his service. He made the requested payment on February 11, 1964. The amount was computed by giving him service credit for World War II, the Korean Conflict and the Berlin Crisis free of cost (this time amounted to approximately 10 years and 4 months) and computing what he would have paid in the remaining 11%-year period had he worked for a participating employer ($4,422.53).
On November 19, 1970 the respondent system returned the petitioner’s payment plus accrued interest claiming it was in error for having accepted it and that he was ineligible for any credit for retirement. The petitioner brings this proceeding to compel the respondent to credit him with retirement for the entire period of his service.
It has already been determined that section 243 of the Military Law intended to apply to civil service employees who left their *607 employment temporarily in response to National need or in order to comply with the draft laws but who intended to return to their careers upon their release from military duty. (Matter of Wulff v. Teachers’ Retirement Bd. of City of N. Y,, 27 A D 2d 929, affd. 21 N Y 2d 802.)
Manifestly, although not precisely stated, this section as interpreted by Wulff was intended to aid only career teachers who took a temporary leave of absence to aid their country in times of emergency, not to help career military personnel who happened to teach before and after their military careers. As a career military officer, the petitioner was ineligible for credit on his teacher’s retirement for any period of his military service.
As to the mistake made by the respondent system in accepting the petitioner’s payment, section 525 of the Education Law specifically grants the respondent system the power to correct its mistakes and in any event the respondent system is not estopped by the erroneous advice of its officers. (Matter of Zucker v. New York City Employees’ Retirement System, 27 A D 2d 207, affd. 21 N Y 2d 904.)
Petition dismissed. Submit judgment.