OPINION OF THE COURT
 

 Simons, J.
 

 These appeals challenge the constitutionality of subdivision c of section 613 and subdivision c of section 606 of
 
 *457
 
 article 15 of the Retirement and Social Security Law (L 1983, ch 414, § 1, eff Sept. 1,1983). Subdivision c of section 613 limits the rights of State employees hired on or after July 1, 1976 (commonly referred to as Tier III employees) to withdraw contributions from the retirement system made by them after July 1, 1976. Subdivision c of section 606 amends the formula for determining the amount of ordinary death benefits payable to the estates of Tier III employees upon their death.
 

 Public Employees Federation v Cuomo
 
 and
 
 Collins v Cuomo
 
 are two article 78 proceedings converted to actions for a declaratory judgment and consolidated by order of Special Term.
 
 Civil Serv. Employees Assn. v Regan
 
 is a declaratory judgment action. In each action Special Term granted plaintiffs’ motions for summary judgment in part, declaring that subdivision c of section 613 of the Retirement and Social Security Law violated section 7 of article V of the New York Constitution. It denied plaintiff CSEA’s claim that subdivision c of section 606 was similarly invalid and it denied plaintiffs’ applications for a declaration that Tier III employees were entitled to recover contributions to the retirement system made after September 1, 1983. These cross appeals followed and are before us on consolidated direct appeals from those judgments (CPLR 5601, subd [b], par 2).
 

 The case turns upon whether the statutes in question unconstitutionally diminish or impair the pension benefits of Tier III employees. We hold that they do and we modify the judgments of Special Term in both actions to declare that Tier III employees may withdraw their contributions after September 1, 1983 and the judgment in
 
 CSEA v Regan
 
 to declare that subdivision c of section 606 is unconstitutional as to the estates of Tier III members.
 

 The facts are undisputed. Under section 517 of article 14 of the Retirement and Social Security Law, employees who joined or rejoined the New York State public retirement system on or after July 1,1976, and whose service with the State terminated before the completion of the 10-year vested period, were entitled to withdraw at the time of their termination from service contributions previously
 
 *458
 
 made to the retirement system. Subdivision c of section 613
 
 [1]
 
 changed that to require that the contributions to the retirement system by Tier III employees may be refunded only when the employee dies or reaches age 62. Refunds, when made, are to include 5% interest compounded annually.
 

 Subdivision c of section 606
 
 [2]
 
 of article 15 reduces the ordinary benefits payable to the estate of most Tier III employees who die after September 1, 1983 compared to benefits previously authorized and computed pursuant to subdivision a of section 508 of article 14. Under subdivision a of section 508, the beneficiaries of a Tier III employee who died before reaching age 60 were entitled to a lump-sum ordinary death benefit equal to the number of years of credited service, up to a maximum of three years, multiplied by the final annual salary of the employee, with maximum payments of $20,000 for one year of service, $40,000 for two years of service and $50,000 for three years of service. Subdivision c of section 606 changes this. It provides that ordinary death benefits shall be computed by multiplying ⅛ of the wages earned by a member during his last 12 months of active service by the number of years of his total service credit, not in excess of 36 years.
 

 Article 14 was enacted in 1976 and effective January 1, 1977. Section 520 of article 14 initially provided that the benefits available to members of the State retirement system to whom article 14 was applicable would not be available after June 30, 1977. Subsequent amendments extended its duration to 1979 (L 1977, ch 347), to 1981 (L 1979, ch 321), to 1982 (L 1981, ch 381), and to June 30, 1983 (L 1982, ch 463). Section 615 of article 15 extended
 
 *459
 
 the expiration date of article 14 to June 30, 1985 (L 1983, ch 414, § 7) while providing it did not apply to members to whom article 15 applied on its effective date, September 1, 1983.
 

 The plaintiff and petitioner organizations represent public employees who are members of the New York State Retirement System. Petitioner J. Michael Collins and plaintiff Donna Rapisarda, one of the plaintiffs in
 
 CSEA v Regan,
 
 became members of the New York State Retirement System after July 1, 1976. Petitioner Collins is an Assistant District Attorney of Monroe County. He was still employed in that office at the time that he commenced this proceeding seeking to protect his right to obtain a refund of his contributions to the retirement system should he leave public service prior to the time his pension vested. Ms. Rapisarda resigned from employment with the State on August 31, 1983. She applied for a refund of her contributions to the retirement system on September 1, 1983 but her application was denied under authority of article 15 of the Retirement and Social Security Law because she was not 62 years of age. Plaintiffs Susan L. Taft, Leslie B. Taft, and Robert G. Taft, plaintiffs in
 
 CSEA v Regan,
 
 are designated beneficiaries of the estate of Roger Warren Taft, a Tier III employee who died on September 3, 1983. They challenge the constitutionality of the change in ordinary death benefits effected by subdivision c of section 606 of article 15 of the Retirement and Social Security Law.
 

 Section 7 of article V of the Constitution of the State of New York was passed in response to this court’s determination that a member’s rights to the benefits or pension provided by a public retirement system do not become contractuál until the statutory conditions for retirement from civil service have been met (see
 
 Roddy v Valentine,
 
 268 NY 228). It provides: “After July 1, nineteen hundred forty, membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired.”
 

 The court has examined the language of the section several times since its adoption to determine whether statutory changes in the computation or availability of
 
 *460
 
 benefits of membership in the State pension or retirement system violate it. Thus, in
 
 Birnbaum v New York State Teachers Retirement System
 
 (5 NY2d 1), we considered the adoption of an actuarial table which reduced by approximately 5% the annuity benefits available to members of the New York State Teachers’ Retirement System compared to benefits paid pursuant to an actuarial table in use on the effective date of the amendment. We held the change violated section 7 of article V. Noting that “[t]he purpose of the [constitutional] amendment was to fix the rights of the employee at the time he became a member of the system”, we held that application of the updated actuarial table to members who entered the system before the effective date of the new tables effected a diminution and impairment of the benefits of the retirement system in violation of the State Constitution
 
 (id.,
 
 at p 9). We have also nullified attempts to redefine the factors considered in the computation of the final average salary of a system member made by State officials in . an effort to control burdensome increases in retirement benefits. If the changes were applied retroactively to prior members of a public retirement system, they were held unconstitutional on the theory that a member’s rights were frozen as of the date of employment and that any changes lessening benefits must be made prospectively (see
 
 Kleinfeldt v New York City Employees’ Retirement System,
 
 36 NY2d 95;
 
 Kranker v Levitt,
 
 30 NY2d 574;
 
 Matter of Weber v Levitt,
 
 34 NY2d 797, affg on opn at App Diy 41 AD2d 452).
 

 The State contends that petitioners’ claim must fail because article 14 of the Retirement and Social Security Law was enacted for a limited duration. Thus, it claims Tier III employees had no reasonable expectation that the constitutional benefits were permanent or protected from impairment by the Constitution. The contention was rejected in
 
 Matter of Central School Dist. No. 2 v New York State Teachers’ Retirement System
 
 (23 NY2d 213) in which the court examined changes in the “Death-Gamble” benefit provided for in the Retirement and Social Security Law. The provision had initially been enacted for a single year but was extended annually and was in effect at the time of the court’s decision. The petitioners, local school districts,
 
 *461
 
 contended that the system’s retirement board unjustifiedly assumed that the “Death-Gamble” benefit would be extended indefinitely when it computed the amount of the school districts’ liability for contributions to a pension accumulation fund on behalf of their employees. Chief Judge Fuld, writing for the majority, concluded:
 

 “The argument lacks force. The board’s recognition of the true nature of this liability as a permanent addition to the fund’s obligations was completely justified, if not required.
 

 “Following the enactment of the constitutional provision prohibiting reductions in pension benefits (N.Y. Const., art. V, § 7), it has been customary for the Legislature to enact
 
 all
 
 new benefits on a year-to-year basis. The purpose of this is to permit the Legislature to subsequently change a provision which turns out to be unworkable. If the legislation were not on a year-to-year basis, it would be constitutionally impermissible to later make a change because of the vested rights acquired by the system’s members.
 
 This does not mean, however, that the benefits are intended to be temporary
 
 [emphasis added]. As a matter of fact,
 
 no
 
 benefit so enacted has later been discontinued. It would be foolhardy to assume that a benefit such as the ‘Death-Gamble’ will be discontinued after a year and to make no provision for the financing of future benefits”
 
 {id.,
 
 at p 232).
 

 Although the impairment of members’ benefits was not at issue in
 
 Central School Dist. No. 2,
 
 the court expressly stated that a limitation on the duration of a statute which confers a benefit does not render the benefit a temporary one. The same point was made directly in
 
 Mutterperl v Levitt
 
 (89 Misc 2d 428, 432-433, affd 41 NY2d 956) in which we approved a holding that a statute which conferred upon a member, at the time he first joined the retirement system, the right to re-retire two years after rejoining the system was not rendered conditional by the limited duration of the statute. The logic of thus interpreting statutorily conferred benefits as permanent despite the limited duration of the statute is apparent. A contrary interpretation would render such a provision an unconstitutional impairment, conferring a benefit and then, upon expira
 
 *462
 
 tion of the statute, taking it away. The Legislature does not have to grant pension benefits but once it does, for however short a period, they may not be impaired by a limitation as to time in the statute creating them. It follows that the right of Tier III members to the return of their contributions upon termination of their service with the State before the 10-year vested period may not be impaired by the effectuation of article 15 on September 1, 1983. Moreover, Special Term’s order limiting the refund of contributions made by nonvested Tier III employees to contributions made up to September 1,1983 was error. The right to a return of all contributions made in reliance on section 517 of article 14 was constitutionally protected.
 

 We also disagree with Special Term’s determination that subdivision c of section 606 of article 15 of the Retirement and Social Security Law did not violate the Constitution because no contributions were made toward the death benefit by the employee. It is undisputed that the beneficiaries of Tier III employees became entitled to the death benefit pursuant to subdivision a of section 508 of article 14 upon the death of the employee before age 60. The death benefit was therefore a benefit of membership in the retirement system rendered contractual in nature by section 7 of article V, regardless of whether specific funds were earmarked for a death benefit fund or not.
 

 Accordingly, the judgment of Special Term in
 
 Public Employees Federation v Cuomo
 
 should be modified to declare that subdivision c of section 613 of article 15 of the Retirement and Social Security Law violates section 7 of article V of the New York State Constitution and is unconstitutional insofar as it purports to abrogate the rights of employees hired on or after July 1, 1976 and before September 1, 1983 to the return of contributions to the New York State Employees’ Retirement System made by them after July 1, 1976 and that such employees terminated before achieving 10 years’ service shall be entitled to return of contributions made on or after July 1, 1976, including contributions made after September 1,1983, and as so modified, affirmed, with costs to plaintiffs.
 

 The judgment of Special Term in
 
 Civil Serv. Employees Assn. v Regan
 
 should be modified to declare that
 
 *463
 
 subdivision c of section 613 of article 15 of the Retirement and Social Security Law violates section 7 of article V of the New York State Constitution and is unconstitutional insofar as it purports to abrogate the rights of employees hired on or after July 1,1976 and before September 1,1983 to the return of contributions to the New York State Employees’ Retirement System made by them after July 1, 1976 and that such employees terminated before achieving 10 years’ service shall be entitled to return of contributions made on or after July 1, 1976, including contributions made after September 1, 1983, and to further declare that subdivision c of section 606 of the Retirement and Social Security Law violates section 7 of article V of the New York State Constitution and is unconstitutional insofar as it reduces benefits payable on the death of employees hired on or after July 1,1976 and before September 1,1983, and, as so modified, affirmed, with costs to plaintiffs.
 

 Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Chief Judge Cooke taking no part.
 

 In each case: Judgment modified in accordance with the opinion herein and, as so modified, affirmed, with costs to plaintiffs.
 

 [1]
 

 . “§ 613. Member contributions * * *
 

 “c. Notwithstanding any other provision of law, in the event membership in a public retirement system shall terminate * * * any contributions remaining to the credit of the member shall be refunded upon application when he attains age sixty-two or at death, whichever occurs first, as specified by the rules or regulations of the system involved. For the purpose of such refund, such contributions, shall be credited with interest at the rate of five percent per annum compounded annually until the earlier of the date he attained age sixty-two or the date of death”.
 

 [2]
 

 . “§ 606. Ordinary death benefits * * *
 

 “c. The ordinary death benefit shall be computed by multiplying one-twelfth of the wages earned by such member during his last twelve months of active service while a member by the number of years of his total service credit, not in excess of thirty-six years.”