In the Matter of EDWARD A. BAKER, Respondent, v EDWARD V. REGAN, as State Comptroller and Administrator of the New York State Employees' Retirement System, Appellant. (And Six Other Related Proceedings.)

Third Department, February 13, 1986

*Robert Abrams, Attorney-General (Frank K. Walsh* of counsel), for appellant.

*Casey, Yanas, Clyne, Mitchell & Amerling (John J. Clyne* of counsel), for Edward A. Baker, respondent.

*Axelrod, Cornachio & Famighetti (Joseph P. Famighetti* of counsel), for Richard C. Delin and others, respondents.

*Giaimo & Vreeburg (Joseph O. Giaimo* of counsel), for William C. Brennan and others, respondents.

### OPINION OF THE COURT

CASEY, J.

Each petitioner filed for retirement benefits between the date of reelection to their respective judicial offices in November and the following January 1, when their reelection terms commenced. Thus, after the commencement of their new terms, each petitioner began receiving retirement benefits in addition to a full judicial salary, a practice vernacularly referred to as "double dipping". It is generally conceded that prior to filing their applications for retirement, petitioners were informed by employees of the New York State Employees' Retirement System (Retirement System) that such a

practice was legally permissible and had been, on prior occasions, administratively approved. This approval stemmed chiefly from respondents' interpretation of the "elective public office" exception contained in Civil Service Law § 150, which generally provides for the suspension of any pension or annuity awarded to a person upon retirement from public employment if such person accepts "any office, position or employment in the civil service of the state or of any municipal corporation or political subdivision of the state to which any salary or emolument is attached". The statute contains several express exceptions to the suspension requirement, including one for persons who accept "an elective public office".* Respondents construe this statutory language as authorizing "double dipping" for petitioners and others similarly situated.

Effective May 15, 1984, Civil Service Law § 150 was amended (L 1984, ch 117) and the following language was added: "Notwithstanding the foregoing, if any person, subsequent to his retirement from an elective public office, accepts appointment, is re-elected or takes a new oath of office *to the same elective public office* from which he retired, his retirement allowance shall be suspended until the date he vacates such elective public office" (emphasis supplied). Thereafter, each petitioner was notified that the retirement benefits he was receiving would be suspended immediately and payment thereof would not resume until notification was received that he had vacated his judicial office. Petitioners instituted these CPLR article 78 proceedings, contending that the suspension of their retirement benefits would violate NY Constitution, article V, § 7, which prohibits diminution or impairment of such benefits. Petitioners claimed further constitutional infringement in the suspension of benefits which they claimed were vested rights acquired before the enactment of the 1984 amendment of Civil Service Law § 150. Respondents answered and asserted that there was no impairment or diminution of retirement benefits to which each petitioner became entitled when he entered the Retirement System *(see, Birnbaum v New York State Teachers Retirement Sys.,* 5 NY2d 1). Special Term granted the petition in each proceeding and directed respondents to pay petitioners retirement benefits, holding that the

---

* As originally enacted (L 1955, ch 687), Retirement and Social Security Law § 101 (d) (3) stated that the provisions of the predecessor to Civil Service Law § 150 "shall govern with respect to local elective public officers". Section 101 (d) (3) was amended in 1975 (L 1975, ch 620) to include State elective public officers.

1984 amendment of Civil Service Law § 150 cannot be constitutionally applied to those who retired before its effective date. Additionally, Special Term held that each petitioner was entitled to benefits without reference to the 1984 amendment of Civil Service Law § 150. These appeals by respondents ensued.

■ ■ Respondents claim on appeal that although they previously tolerated "double dipping" in similar circumstances, it was not the intent of the Legislature, as evidenced by the plain meaning of the "elective public office" exception contained in Civil Service Law § 150 before the 1984 amendment, to permit petitioners to do so and, therefore, suspension of their retirement benefits caused no unconstitutional impairment or diminution. In response to this contention, petitioners argue that the issue of legislative intent was not raised by respondents at Special Term and, therefore, they are precluded from raising it for the first time on these appeals. Petitioners claim that respondents' sole argument at Special Term was that the application of the 1984 amendment of Civil Service Law § 150 to petitioners did not violate their constitutional rights and, because respondents have now advanced a different argument, their appeals lack merit. We disagree.

■ Although, generally, an appellate court will not review on appeal any issue not raised in the pleadings or at Special Term *(Arnold v New City Condominiums Corp.,* 88 AD2d 578, 579), an exception to this rule exists "when the particular matter involves something undeniable, or which in any event would not generate factual issues needing trial-level resolution" (Siegel, NY Prac § 530, at 737). The Court of Appeals has determined that the issue of legislative intent, which does not present factual issues, may be raised at the appellate level for the first time *(American Sugar Refining Co. v Waterfront Commn. of N. Y. Harbor,* 55 NY2d 11, 25, *appeal dismissed sub nom. New York Shipping Assn. v Waterfront Commn. of N. Y. Harbor,* 458 US 1101, citing *Telaro v Telaro,* 25 NY2d 433, 439).

Focusing, therefore, on the issue of legislative intent, we find that the administration of the statutory provision at issue herein does not require any expertise or special competence of the administrative agency to interpret it *(see, Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451). If read literally, the exception for "elective public office" contained in Civil Service Law § 150 prior to the 1984 amendment would appear to include petitioners, for they are persons serving "in elective

public office". However, "statutes are not to be read with literalness that destroys meaning, intention, purpose or beneficial end for which the statute has been designed" (McKinney's Cons Laws of NY, Book 1, Statutes, p 227). As the Court of Appeals cautioned in *Zappone v Home Ins. Co.* (55 NY2d 131, 137): "In the interpretation of statutes the '[a]bsence of facial ambiguity is * * * rarely, if ever, conclusive' * * * Literal interpretation of the words used will not be accorded when to do so will occasion great inconvenience, or produce inequality, injustice or absurdity * * * It is, moreover, always presumed that no unjust or unreasonable result was intended and the statute must be construed consonant with that presumption * * * the court looking to the purpose of the legislation as a whole rather than its literal words" (citations omitted).

■ Civil Service Law § 150 generally suspends the retirement benefits of persons who, *subsequent* to their retirement from State service, accept public office. The "elective public office" exception to this suspension of retirement benefits is intended to encourage qualified retirees to run for public office after their retirement *(see,* sponsor's memorandum, 1984 NY Legis Ann, at 84). While the language of this exception is quite broad, it must be considered in the context of the general proscription of "double dipping" *(see, Brown v New York State Teachers' Retirement Sys.,* 107 AD2d 103, 107). Considering the purpose of the legislation as a whole and construing the statute consonant with the presumption that no unjust or unreasonable result was intended *(Zappone v Home Ins. Co., supra),* we hold that the "elective public office" exception contained in Civil Service Law § 150 prior to the 1984 amendment did not apply to petitioners, all of whom filed for retirement from their judicial offices *after* their reelection to such offices and before the commencement of their new terms in such offices *(cf. Matter of Newcomb v New York State Teachers' Retirement Sys.,* 71 Misc 2d 606, *affd* 43 AD2d 353, *affd* 36 NY2d 953).

In short, it would be irrational to conclude that the Legislature intended to encourage public officers to commence serving terms in public offices to which they already had been elected *before* their retirement. Rather, as noted above, the legislative intent behind the exception is to encourage *retired* public officers to *run* for elective office. The 1984 amendment of Civil Service Law § 150 must, in the circumstances, be regarded as the Legislature's attempted amplification of its previous intent *(see, Matter of Eastern Milk Producers Coop.*

*Assn. v State of New York Dept. of Agric. & Mkts.*, 58 NY2d 1097, 1101; *see also,* sponsor's memorandum, 1984 NY Legis Ann, at 84). Since the 1984 amendment did not effect a substantive change in Civil Service Law § 150 as to petitioners, there has been no unconstitutional impairment of their retirement benefits or vested contractual rights.

As to petitioners' reliance upon the representations made to them by employees of the Retirement System, and the acceptance of their retirement applications and the payment of benefits, the doctrine of estoppel is not applicable to create rights to retirement benefits to which there is no entitlement *(Brown v New York State Teachers' Retirement Sys., supra,* p 109; *see, Matter of Galanthay v New York State Teachers' Retirement Sys.,* 50 NY2d 984).

MAHONEY, P. J. (dissenting). We cannot agree with the majority that the "elective public office" exception in Civil Service Law § 150 does not apply to petitioners. The statute as written plainly states that the suspension of retirement benefits which generally accompanies the rehiring of a retiree does not apply where the position accepted is "an elective public office" (Civil Service Law § 150). Since petitioners herein retired prior to accepting their elective public office, the suspension of benefits does not apply to them, despite the fact that they retired after being elected to the same office from which they retired. It is clear that this apparent "double dipping" was seen by the Legislature as undesirable since, in 1984, it amended the statute to provide that the exception does not apply where the position the retiree accepts is the same elective public office from which he retired (L 1984, ch 117). However, the fact that the Legislature sees fit to "correct" what it perceives to be an "error" in a statute does not justify interpreting the original statute, not according to its language, but in a manner consistent with the legislative intent of the amendment. This is particularly true where, as here, the amendment is adopted some 25 years after the original statute was enacted.

To juxtapose the legislative intent with the original statute as the majority does has the effect of making the 1984 amendment retroactive, something the Legislature plainly did not attempt to do. Indeed, it is questionable whether the Legislature could constitutionally have made the amendment retroactive *(see, Public Employees Fedn. v Cuomo,* 62 NY2d 450). In our view, it is inappropriate for this court to read a statutory

amendment to be retroactive when the Legislature did not so provide, and most likely could not have provided.

Finally, we do not agree that the majority's interpretation of legislative intent is supported by any general proscription against "double dipping". Admittedly, Civil Service Law § 150 generally requires suspension of retirement benefits where a retiree accepts a public office. However, even after the 1984 amendment, retirees can still be elected to public office without suspension of retirement benefits so long as the office is not the same one from which they retired. The exception to this rule for retirees accepting elective office does not exist in a vacuum. The Legislature has provided for other instances where a retiree may return to public service without suspension of retirement benefits (Retirement and Social Security Law §§ 211, 212). Further, despite the connotation of the phrase "double dipping", petitioners are not reaping a windfall. The retirement payments represent benefits they have earned over a number of years as members of the Retirement System. The salary they receive is being earned through their positions as Judges.

In conclusion, we see no need to use the legislative intent of the 1984 amendment to override the clear language of the statute. Accordingly, we would affirm the judgments of Special Term.

KANE and WEISS, JJ., concur with CASEY, J.; MAHONEY, P. J., and LEVINE, J., dissent and vote to affirm in an opinion by MAHONEY, P. J.

Judgments reversed, on the law, without costs, and petitions dismissed.