CIVIL SERVICE EMPLOYEES ASSOCIATION INC. et al., Respondents, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Appellants.

Third Department, July 16, 1987

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Peter G. Crary* and *Peter H. Schiff* of counsel), for appellants.

*Marjorie Karowe* for respondents.

*Christopher Gardner* for Council 82, AFSCME, and *Richard E. Casagrande (Rebecca Caudle* of counsel), for PEF, AFL-CIO, *amici curiae.*

## OPINION OF THE COURT

HARVEY, J.

The issue on appeal is whether persons commencing public employment and joining defendant New York State Employees Retirement System (hereinafter the Retirement System) between July 1, 1976 and December 31, 1976 are entitled to permanent coverage by the provisions of Retirement and Social Security Law article 11, commonly known as Tier II. Plaintiffs Bernard E. Nogas and William C. Waterhouse commenced their positions as public employees and joined the Retirement System in late December 1976. Nogas and Waterhouse were temporarily placed in Tier II until January 1, 1977, when they were made members of the less advantageous Tier III plan *(see,* Retirement and Social Security Law art 14). In February 1986, plaintiffs commenced this declaratory judgment action seeking a determination that employees who entered the Retirement System between July 1, 1976 and December 31, 1976 are eligible for the rights and benefits provided by Tier II, and that their classification as Tier III employees is unconstitutional under NY Constitution, article V, § 7. Plaintiffs' subsequent motion for summary judgment was granted and this appeal ensued.

The nonimpairment clause of the NY Constitution provides that "[a]fter July first, nineteen hundred forty, membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired" (NY Const, art V, § 7). Prior to the enactment of this amendment to the NY Constitution, an employee's rights in a publicly funded pension did not vest until retirement *(see, Roddy v Valentine,* 268 NY 228). NY Constitution, article V, § 7 was adopted in order to fix the rights of the employee at the time he or she became a member of the Retirement System *(Birnbaum v New*

*York State Teachers Retirement Sys.,* 5 NY2d 1, 9; *Brown v New York State Teachers Retirement Sys.,* 48 Misc 2d 805, 806-807, *affd* 25 AD2d 344, *affd* 19 NY2d 779). This was accomplished by establishing membership in a public retirement system as a contractual relationship and providing that the Legislature could not diminish or impair the terms of the contract once it was entered into *(see, Kleinfeldt v New York City Employees' Retirement Sys.,* 36 NY2d 95, 99). It is thus the terms of the contract which must be scrutinized in determining whether a constitutional violation has occurred *(Mutterperl v Levitt,* 89 Misc 2d 428, 431, *affd on opn below* 41 NY2d 956). The terms of the contract are provided by the law and the conditions in effect on the date an individual becomes a member of the Retirement System *(Birnbaum v New York State Teachers Retirement Sys., supra,* at 11; *see, Public Employees Fedn. v Cuomo,* 62 NY2d 450, 460; *Kleinfeldt v New York City Employees' Retirement Sys., supra,* at 101). The provisions in effect in the last half of 1976 must therefore be carefully analyzed.

The provisions of Tier II were due to expire on June 30, 1976 (Retirement and Social Security Law former § 451). Due in part to the fiscal crisis the State was facing, the Legislature determined that the State pension system needed to be reformed. The Legislature was unable, however, to agree upon reform legislation before Tier II and some other pension and retirement provisions were due to expire. Hence, on July 1, 1976, legislation was passed which was apparently aimed at maintaining the status quo of at least some of the pension and retirement plans which were due to expire *(see,* L 1976, ch 491). Later, on July 27, 1976, Laws of 1976 (ch 890), the legislation relevant to this appeal which included the new Tier III benefits, was passed and signed into law by then Governor Hugh Carey. By the express terms of the legislation, the new Tier III retirement program was made *applicable* to public employees joining the Retirement System on or after July 1, 1976 (L 1976, ch 890, § 1; Retirement and Social Security Law § 500 [a]; Governor's mem, 1976 McKinney's Session Laws of NY, chs 890, 891, at 2455). However, Tier III was not made operative until January 1, 1977 (L 1976, ch 890, § 9).

Laws of 1976 (ch 890) does not expressly manifest the reasons why the dates of Tier III's application and operation were bifurcated. However, the Permanent Commission on Public Employee Pension and Retirement Systems, which

supplied the essential elements of the legislation (see, Governor's mem, 1976 McKinney's Session Laws of NY, chs 890, 891, at 2455), indicated that the delay in the operative date of Tier III was necessary in order to allow participating employers and the various retirement systems time to implement new procedures related to Tier III, including a 3% withholding from members' salaries (see, mem of Permanent Commn on Pub Employee Pension & Retirement Sys, July 15, 1976, Governor's Bill Jacket, L 1976, ch 890). Laws of 1976 (ch 890) did address the status of employees who joined the system during the time Tier III was applicable but not yet operative, i.e., between July 1, 1976 and December 31, 1976. The Legislature provided for employees joining the system during this time to be *temporarily* eligible for Tier II benefits *until* Tier III became operative (see, L 1976, ch 890, § 4; mem of Permanent Commn on Pub Employee Pension & Retirement Sys, July 15, 1976, Governor's Bill Jacket, L 1976, ch 890; mem of State Civ Serv Dept, July 13, 1976, Governor's Bill Jacket, L 1976, ch 890).

In *Matter of Oliver v County of Broome* (113 AD2d 239, *lv denied* 67 NY2d 607, *appeal dismissed* 67 NY2d 1027), this court held that employees joining the Retirement System on or after the legislation's purported retroactive effective date of July 1, 1976 and before the date it was actually enacted on July 27, 1976 were entitled to permanent Tier II status (*cf., Kleinfeldt v New York City Employees' Retirement Sys.,* 36 NY2d 95, 101, *supra* [holding that the date on which new retirement legislation is enacted is the date up to which new members' rights are protected from diminution by retroactive application of the new law]). However, as to employees such as Nogas and Waterhouse who joined the Retirement System on or after July 27, 1976, the terms of Laws of 1976 (ch 890) enacted on that date are applicable. Although the statute provided them with temporary Tier II status, it also provided that this temporary status would end on December 31, 1976 and that the provisions of Tier III, which already applied to them, would become operative as to them commencing on January 1, 1977. All of these contractual terms were on the books on the date these individuals joined the Retirement System. The fact that the change in status would take place was part of the contract for those entering the Retirement System between July 27, 1976 and December 31, 1976. It was not the result of a subsequent legislative enactment.

The terms of the contract do not violate NY Constitution,

article V, § 7 under the Court of Appeals holding in *Public Employees Fedn. v Cuomo* (62 NY2d 450, *supra*). In that case, the court held that the enactment of a retirement statute for a limited duration without any provision for later periods does not render the benefits temporary. The court reasoned that "[a] contrary interpretation would render such a provision an unconstitutional impairment, conferring a benefit and then, upon expiration of the statute, taking it away" *(supra,* at 461-462). Here, there was no attempt to diminish the benefits of members after the expiration of a statute which was in effect when they entered the Retirement System. Instead, the entire terms of the contract had been enacted when Nogas and Waterhouse joined the Retirement System. Hence, we conclude that persons entering the Retirement System between July 27, 1976 and December 31, 1976 were not entitled to permanent Tier II benefits and that Laws of 1976 (ch 890) did not violate their rights under NY Constitution, article V, § 7.[*]

KANE, J. P., MAIN, MIKOLL and YESAWICH, JR., JJ., concur.

Order reversed, on the law, without costs, and defendants' cross motion for summary judgment granted to the extent of declaring that the classification of plaintiffs Bernard E. Nogas and William C. Waterhouse as Tier III members was not in violation of NY Constitution, article V, § 7.

---

[*] We note that we do not reach the merits of the other constitutional arguments asserted by plaintiffs in their complaint. These arguments were not addressed by Supreme Court and were not raised by the parties on appeal.