■ In the Matter of JOSE TORRES, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, Respondent.—Judgment, Supreme Court, New York County (Bruce McM. Wright, J.), entered May 12, 1988, which dismissed petitioner's CPLR article 78 petition which sought to annul respondent's determination denying his application for accident disability retirement benefits, unanimously affirmed, without costs.

The findings of the Medical Board and Board of Trustees of the New York City Employees' Retirement System were neither arbitrary nor capricious *(see, Matter of Drayson v Board of Trustees of Police Pension Fund,* 37 AD2d 378, *affd* 32 NY2d 852). The determination that petitioner, a Rikers Island correction officer, had not incurred his injuries in the actual

performance of city service as required by Administrative Code of the City of New York § 13-168 and was not, therefore, eligible for an accident disability retirement pension, was supported by documented evidence. A supervisor's report in addition to written statements of two witnesses established that petitioner sustained his injuries after he had completed his tour of duty, had signed out and had changed into civilian clothes. He was then injured while in the process of leaving the premises on a Correction Department bus which transported employees to and from the Rikers Island control building. The use of such transportation was not mandatory. The issue is not where the accident occurred but whether at the time of the accident petitioner was performing city service *(Matter of Alessio v New York City Employees' Retirement Sys.,* 67 NY2d 978). The record fails to support petitioner's contention that he was injured while performing city service.

Finally, petitioner's eligibility for workers' compensation benefits was not dispositive of his eligibility for accident retirement benefits. The language of the Workers' Compensation Law differs substantially from that of section 13-168 of the Administrative Code. Moreover, section 13-176 (c) of the Administrative Code specifically provides that a decision of the Workers' Compensation Board is not binding on the Medical Board of the New York City Employees' Retirement System in determining the eligibility of a claimant for accident disability benefits *(Matter of Alessio v New York City Employees' Retirement Sys., supra).* Concur—Sullivan, J. P., Carro, Milonas, Rosenberger and Smith, JJ.