■ MARON VACCARELLA, Appellant, v NEW YORK EMPLOYEE RETIREMENT SYSTEM (THE NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM), Respondent. [664 NYS2d 4] —Order and judgment (one paper), Supreme Court, New York County (David Saxe, J.), entered June 7, 1996, which, in a proceeding challenging respondent's denial of accident disability retirement benefits, granted respondent's cross motion to dismiss the petition as time-barred, unanimously affirmed, without costs.

The statements made to petitioner by respondent's agent in response to petitioner's initial request for reconsideration of respondent's denial of accidental retirement, to the effect that there could be no reconsideration in the absence of new evidence, were not erroneous, and, even if erroneous, should not have been understood as permission to resubmit the claim any time in the future once new evidence became available, and could not have created a right to benefits to which there was no entitlement (*see, Matter of Baker v Regan*, 114 AD2d 187, 192, *affd* 68 NY2d 335; *New York State Med. Transporters Assn. v Perales*, 77 NY2d 126, 130-131). Therefore, denial of reconsideration on the ground that petitioner was no longer eligible for disability retirement under Retirement and Social Security Law § 507-a, having failed to apply for such within three months of his termination for reasons unrelated to any disability, was not an abuse of discretion. We would also note that the finding of disability by the Workers' Compensation Board on which petitioner relies is not sufficient to show entitlement to an accidental retirement (*see, Matter of Torres v New York City Employees' Retirement Sys.*, 160 AD2d 578, 579). Concur—Sullivan, J. P., Rosenberger, Rubin and Andrias, JJ.