■ COUNTY OF BROOME, Respondent, v KENNETH E. BADGER et al., Appellants. [865 NYS2d 785]—

Rose, J. Appeals (1) from an order and amended order of the Supreme Court (Monserrate, J.H.O.), entered April 2, 2007 and April 23, 2007 in Broome County, which, among other things, granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

Sometime prior to 1996, the Legislature of plaintiff, County of Broome, adopted a resolution which promulgated a personnel rule describing when and what payment would be made to administrative employees for unused sick time. The rule stated: "Upon retirement from County employment an employee shall be paid for all credited sick leave which is in excess of that which may be applied to years of service for retirement purposes under New York State Retirement Law § 41j." In 2000, the Legislature amended the first phrase of the rule to state: "Upon *separation* from County employment" (emphasis added). No other change was made to the rule and there is no dispute that the relevant number of days of sick leave that may be applied for retirement purposes is 165 (*see* Retirement and Social Security Law § 41 [j] [1] [a]). Nor is it disputed that, from the date of the amendment in 2000 until 2004, the rule was uniformly interpreted and applied to all separating employees, whether their separation was due to retirement or not, so that only those employees who left service with more than 165 days of sick leave were paid for unused sick time and then only for the days in excess of 165. This was the same way the rule had been interpreted and applied to retiring employees before the amendment.

In 2004, however, the County Executive changed the interpretation of the rule to make it consistent with the provisions of plaintiff's labor union contracts for nonadministrative personnel and, as a result, when defendants left plaintiff's employment that year, whether because they retired or simply separated without retiring, they received payment for all of their unused sick leave. A new County Executive took office in 2005 and disputed the new interpretation, asserting that only unused sick time in excess of 165 days should have been paid. Plaintiff then commenced this action to recover the alleged overpayment and, following disclosure, moved for summary judgment. Supreme Court held that the intent of the Legislature to compensate separated administrative employees for their unused sick time only in excess of 165 days was plainly expressed in the language of the rule and granted plaintiff's motion. We now affirm.

When interpreting a legislative enactment, a court's primary consideration "is to ascertain and give effect to the intention of

the Legislature" (*Riley v County of Broome*, 95 NY2d 455, 463 [2000] [internal quotation marks and citation omitted]). To that end, "[t]he statutory text is the clearest indicator of legislative intent and courts should construe unambiguous language to give effect to its plain meaning" (*Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d 653, 660 [2006]; *see Matter of Amorosi v South Colonie Ind. Cent. School Dist.*, 9 NY3d 367, 373 [2007]; *Matter of Sweeney v Dennison*, 52 AD3d 882, 883 [2008]; *Matter of United Univ. Professions v State of New York*, 36 AD3d 297, 299 [2006]).

Here, the plain meaning of the language of the rule clearly expresses the intent of the Legislature. No one disputes that the effect of the amendment in 2000, which changed the word "retirement" to "separation," was to extend the benefit set forth in the rule to all administrative employees who left the County regardless of the reason. Given that the way the benefit is measured—the time in excess of 165 days—was not changed when the rule's application was expanded, there is no merit in defendants' claim that the wording of the rule now requires plaintiff to pay those employees who separate without retiring differently from those who retire. Yet defendants contend that the rule should be interpreted to require payment for any sick days that are not actually applied to years of service for retirement purposes, which would be the case if an employee separated without retiring. We simply note that the use of the term "may" in describing the payments as being "in excess of that which may be applied to years of service for retirement purposes" expresses no more than a possibility which does not require actual retirement. It merely measures plaintiff's payment by limiting it to the number of sick days in excess of those which could qualify for application to years of service if the employee were to retire. In addition, if the intent of the Legislature were to pay separating administrative employees who did not retire for all unused sick days, the limitation language would be surplusage as to them. While Supreme Court's plain reading of the language may not be consistent with the way plaintiff's labor union contracts treat this issue, it is the way in which the Legislature chose to deal with its unrepresented administrative employees. Since this reading gave effect to all the words used and its interpretation was unstrained, we agree that plaintiff was entitled to summary judgment.

Defendants' remaining contentions, including their argument that plaintiff should be estopped from seeking to recover the overpayments in light of the past actions and statements of its officials, are equally unavailing (*see e.g. Matter of Parkview*

*Assoc. v City of New York*, 71 NY2d 274, 282 [1988], *appeal dismissed and cert denied* 488 US 801 [1988]).

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the order, amended order and judgment are affirmed, without costs.