In the Matter of STANLEY SMOLKIN, Petitioner, v THOMAS P. DINAPOLI, as Comptroller of the State of New York, Respondent. [898 NYS2d 679]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied the reinstatement of petitioner's full pension credits.

In 1991, petitioner was appointed and subsequently elected city court judge in the City of Long Beach, Nassau County. The judgeship was part time; petitioner received one quarter the salary of a full-time judge. However, in accordance with the practice

of the Unified Court System with respect to city court judges at the time, petitioner was reported as a full-time judge such that petitioner received full-time pension service credit. In 1993, after learning of this practice, the New York State and Local Employees' Retirement System took the position that this practice is not supported by the Retirement and Social Security Law[1] and that, retroactive to 1988, part-time city court judges would be credited with only one half the service credit of full-time city court judges.

However, in response to this announced policy and prior to its implementation, the Legislature enacted UCCA 2104 (g),[2] which stated: "Notwithstanding the designation hereunder of a judge of a city court as part-time or as an acting city court judge, such judge shall, for purposes of determining his or her entitlement to credit under the [R]etirement and [S]ocial [S]ecurity [L]aw for service rendered prior to April first, nineteen hundred ninety-four, be deemed to work full time." Thus, for service rendered by petitioner prior to April 1, 1994 he received full-time service credit. Following the April 1, 1994 sunset date of UCCA 2104 (g), the Retirement System again asserted its plan to credit part-time city court judges less than full service credit, although petitioner's pension statements apparently did not reflect that change. Following negotiations with the Unified Court System, in 1998, respondent, as administrative head of the Retirement System, established a policy that city court judges working on the basis of half time or more would receive full-time service credit, and part-time city court judges working on the basis of one-quarter or three-eighths time would earn service credit at the rate of 75% of a full-time judge.

In 2007, petitioner was informed that he was entitled only to 75% service credit for his service as a less than half-time city court judge during the period from April 1, 1994 through December 31, 2001.[3] A Hearing Officer conducted a joint hearing for petitioner and Rye City Court Judge Peter Lane (*Matter*

1. Retirement and Social Security Law §§ 446, 513 and 609 contemplate less than full-time retirement service credit for part-time service, but state that where—as here—the employee is salaried, "[i]f the annual salary . . . would be less than the product of the state's minimum wage during such period and two thousand hours, the presumption shall be that such a member is a part-time employee and any retirement credit granted shall be prorated" (Retirement and Social Security Law § 446 [a] [1] [c]; § 513 [a] [1] [iii]; § 609 [a] [1] [iii]). Petitioner's salary, even at one quarter of the salary of a full-time judge, is over the designated threshold for the presumption to apply.

2. This language is now found at UCCA 2104 (f).

3. In January 2002, petitioner became a half-time judge and began to receive full-time service credit.

*of Lane v DiNapoli*, 72 AD3d 1189 [2010] [decided herewith]) and held that petitioner failed to demonstrate that he was entitled to full-time service credit for the time period in dispute. Respondent accepted the Hearing Officer's findings and conclusions of law and denied petitioner's application for full-time service credit. Thereafter, petitioner commenced this proceeding challenging respondent's determination and we now confirm.

Petitioner argues that the reduction from full-time service credit, granted for service rendered prior to April 1, 1994, to 75% service credit improperly diminished or impaired his membership in the Retirement System in violation of the NY Constitution. NY Constitution, article V, § 7 provides that "membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired." This nonimpairment clause " 'fix[es] the rights of the employees at the time of commencement of membership in [a pension or retirement] system' " (*Ballentine v Koch,* 89 NY2d 51, 56 [1996], quoting *Matter of Guzman v New York City Employees' Retirement Sys.*, 45 NY2d 186, 190 [1978]; *see Civil Serv. Empls. Assn. v Regan*, 129 AD2d 378, 379 [1987], *affd* 71 NY2d 653 [1988]).

We find insufficient evidence that petitioner's membership in the Retirement System guaranteed him full-service pension credit for part-time work at the time he became a city court judge. Although the Unified Court System was reporting full-service pension credit for part-time city judgeships at the time, neither the Legislature nor the Retirement System ever officially adopted or confirmed that practice (*cf. Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v Regan*, 71 NY2d 653, 656-657 [1988] [employees' rights fixed by statute]; *Public Empls. Fedn., AFL-CIO v Cuomo*, 62 NY2d 450, 457-458 [1984] [same]). While the Court of Appeals has held—on one occasion—that an administrative decision of respondent to credit retirees for their unused vacation time was sufficient to form a contract between the Retirement System and its members (*see Kranker v Levitt*, 30 NY2d 574, 575 [1972]), that case is distinguishable. Specifically, at issue in *Kranker* was the employees' right to have accumulated vacation pay they had earned added to their final salary when calculating their retirement benefit, a right that had been established "by a uniform course of conduct under all administrations of the State government for more than 30 years" (*Kranker v Levitt*, 68 Misc 2d 224, 227 [1971], *affd* 30 NY2d 574 [1972]).

The evidence proffered here, in contrast, is of an ongoing disagreement between the Unified Court System and the Retire-

ment System on the issue. There is no suggestion that respondent or the Retirement System had embraced the policy; indeed, as early as 1993, the Retirement System took the position that petitioner's time was being erroneously reported and notified petitioner that he was not entitled to full-time retirement credit. Moreover, the legislative history of UCCA 2104 (g) makes it clear that no agreement was reached on this issue prospectively (*see* Sponsor's Mem, Bill Jacket, L 1993, ch 645). The fact that petitioner's pension statements may have reflected full-time credit during the applicable period is insufficient evidence of a fixed policy in place sufficient to create a contractual right. Accordingly, we hold that petitioner has not met his burden of demonstrating his entitlement to full-time service credit during the disputed period.

Petitioner relies heavily on the passage of UCAA 2104 (g) in 1993, arguing that because he had been receiving full-time retirement credit for his part-time employment at the time of its enactment, "his full-time status became 'a contractual relationship' " that must be afforded constitutional protection. "When interpreting a legislative enactment, a court's primary consideration 'is to ascertain and give effect to the intention of the Legislature' " (*County of Broome v Badger*, 55 AD3d 1191, 1192-1193 [2008], quoting *Riley v County of Broome*, 95 NY2d 455, 463 [2000]). Here, a review of both the plain language and the legislative history of UCCA 2104 (g) leads us to the conclusion that the statute only prohibited changes retroactively; it did not prospectively constrain respondent from crediting part-time judges with service credits according to its own policy-making authority. The statute specifically refers to "service rendered prior to [April 1, 1994]" (UCCA 2104 [g]) and the legislative history labels April 1, 1994 as a "sunset date" intended to afford retrospective relief and leave the issue of prospective action for resolution in the future (Letter from Unified Ct System, July 22, 1993, at 4, Bill Jacket, L 1993, ch 645). Indeed, petitioner's own letter submitted in support of the bill indicates that, although he firmly believed he was always entitled to full-time retirement benefits, he also acknowledged that the sunset date represented a compromise derived to give the parties time to resolve the issue (*see* Letter from Stanley A. Smolkin, July 19, 1993, Bill Jacket, L 1993, ch 645).

Subsequently, when the Legislature never acted to guarantee full-time retirement credit for less than full-time city court judges after the April 1, 1994 sunset date, petitioner should have had no reasonable expectation of receiving full-time credit after that point. Petitioner's reliance on *Public Empls. Fedn.,*

*AFL-CIO v Cuomo* (62 NY2d 450 [1984], *supra*) is misplaced. There, the Court of Appeals held that unqualified contractual benefits created by a statute could not subsequently be impaired simply because the statute was expressly created for a limited duration (*id.* at 460-461). Here, the time limitation included in the statute expressly qualifies the benefit conferred; indeed, UCCA 2104 (g) creates no prospective rights that could form the basis for a contractual agreement (*see Ballentine v Koch*, 89 NY2d at 56; *Civil Serv. Empls. Assn. v Regan*, 71 NY2d at 659-660). Accordingly, absent sufficient evidence that petitioner's contract with the Retirement System included the right to full-time pension credit for part-time service, we must uphold respondent's determination.

Mercure, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.