■ In the Matter of PETER LANE, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, Respondent. [898 NYS2d 683]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied the reinstatement of petitioner's full pension credits.

In 1992, petitioner was appointed part-time city court judge in the City of Rye, Westchester County, and received a three-eighths salary as compared to the salary of a full-time judge. In accordance with the practice of the Unified Court System with respect to city court judges at the time, petitioner was reported as a full-time employee such that petitioner would receive full-time pension service credit. In 1993, after learning of this practice, the New York State and Local Employees' Retirement System took the position that, retroactive to 1988, part-time city court judges would be credited with one half the service credit of full-time city court judges. However, in response to this proposed policy and prior to its implementation, the Legislature enacted UCCA 2104 (g),[1] which states: "Notwithstanding the designation hereunder of a judge of a city court as part-time or as an acting city court judge, such judge shall, for purposes of determining his or her entitlement to credit under the [R]etirement and [S]ocial [S]ecurity [L]aw for service rendered prior to April first, nineteen hundred ninety-four, be deemed to work full time." Thus, for service rendered by petitioner prior to April 1, 1994, he received full-time service credit. After the April 1, 1994 sunset date of UCCA 2104 (g), the Retirement System again asserted its policy of crediting part-time city court judges less than full service credit, although petitioner's pension statements did not reflect that change. Following negotiations with the Unified Court System, in 1998, respondent, as administrative head of the Retirement System, established a policy that city court judges working on the basis of half time or more would receive full-time service credit and part-time city court judges working on the basis of one-quarter or three-eighths time would earn service credit at the rate of 75% of a full-time judge.

1. This language is now found at UCCA 2104 (f).

In 2007, petitioner was informed that he was not entitled to receive full service credit for his service as a less than half-time city court judge during the period from April 1, 1994 through January 1, 2002.[2] A Hearing Officer thereafter conducted a joint hearing for petitioner and Long Beach City Court Judge Stanley Smolkin (*Matter of Smolkin v DiNapoli*, 72 AD3d 1179 [2010] [decided herewith]). The Hearing Officer held that petitioner failed to demonstrate that he was entitled to full-time service credit for the time period in dispute. Respondent accepted the Hearing Officer's findings and conclusions of law and denied petitioner's application for full-time service credit. Thereafter, petitioner commenced this proceeding challenging respondent's determination.

We now confirm respondent's determination. For the reasons stated in *Matter of Smolkin v DiNapoli* (*supra*), we find that neither the Uniform Court System's practice of reporting part-time city court judges as full-time judges at the time petitioner became a judge, nor the subsequent passage of UCCA 2104 (g), guaranteed petitioner a right to full-time pension credit after 1994. Contrary to petitioner's contentions, respondent's determination is rational and supported by substantial evidence on this record.

Mercure, J.P., Rose, Lahtinen and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

**2.** In January 2002, petitioner became a half-time judge and thus entitled to full-time credit. He is now a full-time judge.