■    In the Matter of JOHN G. ROBINSON, Appellant, v ARTHUR LEVITT, as Comptroller of the State of New York and Administrative Head of the Employees' Retirement System et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered December 8, 1976, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Comptroller suspending petitioner's retirement benefits. In this proceeding, Special Term concluded that since petitioner, a retired member of the State Employees' Retirement System, is continuing in public service as an employee of the State University of New York at Buffalo, the respondent Comptroller properly suspended petitioner's retirement allowance (Retirement and Social Security Law, § 101). Prior to 1962 petitioner, a psychiatrist, had been employed as a member of the teaching faculty at the University of Buffalo, then a private educational institution, and he was also employed by Erie County on the staff of E. G. Meyer Memorial Hospital. As an employee of Erie County, petitioner was a member of the New York State Employees' Retirement System, from which he retired in 1973. As a result of the merger of the University of Buffalo with the State University of New York pursuant to chapter 980 of the Laws of 1962, the employees of the university became State employees. Following the merger petitioner chose the option granted to him by that statute of remaining in the university's private retirement plan and he continued in his public employment as a member of the State University faculty. However, as a retiree from his employment with Erie County in February, 1973, he also began to receive a retirement allowance. In our view, petitioner's rights and benefits as a member of the State Employees' Retirement System, and his rights and benefits pursuant to his subsequent retirement from the system, are governed exclusively by the applicable provisions of the Retirement and Social Security Law. Under the clear language of the statute, chapter 980 of the Laws of 1962 does not affect, nor alter in any way, petitioner's rights, or the statutory restrictions upon such rights, as a retired member of the State Employees' Retirement System. Thus, Special Term properly determined that petitioner's retirement allowance must be suspended until he retires from his present employ-

ment, at which time he will be entitled to full retirement benefits. Since he will receive full benefits upon termination of his present employment, Special Term correctly concluded that petitioner's retirement rights have not been diminished or impaired as proscribed by section 7 of article V of the New York State Constitution. Judgment affirmed, without costs. Koreman, P. J., Kane, Mahoney, Larkin and Herlihy, JJ., concur.