OPINION OF THE COURT
Memorandum.
Order of the Appellate Division affirmed, without costs.
Petitioner is a tenured professor at the medical school of the State University at Buffalo. He contends that although he retains his compensated position at the State University, he is entitled to receive unabated a full retirement allowance from the State Employees’ Retirement System after retiring from a position he had simultaneously held at a county hospital. By *749 virtue of his county employment he had been a member of the State Employees’ Retirement System.
Difficulty arises from the language of the statute merging the University of Buffalo into the State University (L 1962, ch 980). That statute permitted university employees to remain members of the then existing private retirement plan at the university "as though no merger had occurred”. The purpose was to protect any accumulated interests in the existing private plan, perhaps more beneficial than membership in the State Employees’ Retirement System. Petitioner elected to continue in the plan existing before the merger. It is not disputed that, as a result, when petitioner retires from his position at the State University, he will be entitled to two separate retirement allowances, one from the State system as a result of his former county position, and one from the "private” plan in which he has participated at the university.
Petitioner, however, would read more into the statute. He contends that the statute guaranteed him the right to retire in due course from his county position and to collect a retirement allowance despite continued public employment at the State University. But the statute makes no explicit mention of such a right, nor may it be implied from the general statutory language preserving the rights of employees of the University of Buffalo. Petitioner was permitted to remain in a separate private retirement system after the merger "as though no merger had occured”, but that does not mean he has remained in private employment for the 16 years since the merger. Hence, since he remains in public service, he is not entitled under the statute governing the State Employees’ Retirement System to receive a full State allowance (Retirement and Social Security Law, § 101, subd a).
Moreover, there is no constitutional infirmity in this application of the statute. It is established, of course, that subsequent legislation may not diminish rights possessed by a member at the time he joined the State retirement system (see NY Const, art V, § 7; Birnbaum v New York State Teachers Retirement System, 5 NY2d 1, 11; Donner v New York City Employees’ Retirement System, 33 NY2d 413, 416-417). Under the governing statute petitioner never, however, had a right to collect a State pension while remaining in public employment. Since the merger statute was enacted long before petitioner’s purported retirement, inapposite are cases permitting public employees to retain public pension rights *750 while continuing to work in public employment not prohibited at the time of retirement (Roddy v Valentine, 268 NY 228; People ex rel. Mulvey v York, 41 App Div 419). It should be noted, in passing, that those cases predate constitutional protection of State retirement benefits.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.