■ In the Matter of LAWRENCE M. LYNCH, JR., Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, et al., Respondents.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller, which denied petitioner's application for retirement benefits in full and without restriction. The facts are not in dispute. Petitioner was employed full time by the Police Department of the City of Syracuse between 1954 and July 6, 1974, when he retired. In 1963 he began teaching in the police science program at Onondaga Community College on a part-time basis and in the fall of 1973 he became a full-time employee. Petitioner applied for retirement benefits and after a hearing the Comptroller determined that petitioner was employed by Onondaga Community College during the two-year period prior to his retirement and that said college was a "former employer" within the meaning of subdivision f of section 210 and section 211 (subd 1, par [b]) of the Retirement and Social Security Law. Consequently, his benefits were ruled subject to the limitation of section 211 (subd 1, par [a]) of the statute. Thereafter, the instant proceeding was commenced to review that determination. An examination of these pertinent sections of the Retirement and Social Security Law compels us to conclude that there must be an affirmance of the Comptroller's determination. Admittedly, petitioner was paid a salary by the college during the two years prior to his retirement. Furthermore, the college contributed as a participating employer in a retirement system administered by the State. Petitioner, therefore, was, in our view, employed by a former employer pursuant to subdivision f of section 210 and section 211 (subd 1, par [b]), and he was subject to the statutory limitation as concluded by the Comptroller *(Matter of Robinson v Levitt,* 58 AD2d 925, affd 46 NY2d 747). Since such determination is not unreasonable or irrational, we should not disturb it *(Matter of Howard v Wyman,* 28 NY2d 434; *Matter of Ellenbogen v Levitt,* 61 AD2d 559). Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Mikoll and Herlihy, JJ., concur.