OPINION OF THE COURT
Per Curiam.
Appellants are sitting Judges of the Unified Court System who, following their respective reelections in November of various years since 1977 but prior to commencing their new terms of office in January of the following year, applied to the New York State Retirement System for retirement benefits and thereafter retired on or before the date of the commencement of their new term of office. After the commencement of their respective new terms of office, each appellant received both retirement benefits and the salary for their judicial offices simultaneously until the Comptroller suspended the payment of retirement benefits following enactment by the Legislature of chapter 117 of the Laws of 1984.
Appellants then successfully instituted these article 78 proceedings challenging the determinations of the Comptroller. The Appellate Division, with two Justices dissenting, reversed the Special Term judgments and appellants have appealed to this court as of right (CPLR 5601 [a]).
All parties agree that the 1984 amendment to Civil Service Law § 150 (L 1984, ch 117) prospectively prohibits incumbents who have won reelection to the same office from receiving salary payments and retirement benefits simultaneously where they have retired subsequent to reelection but prior to assuming their new term of office. Likewise, all parties agree that the 1984 amendment cannot be applied retroactively (see, Public Employees Fedn. v Cuomo, 62 NY2d 450; Birnbaum v New York State Teachers Retirement Sys., 5 NY2d 1) and that if the relevant statutes in effect at the time that the appellants retired (all of the appellants retired prior to the effective date of the 1984 amendment to Civil Service Law § 150) authorized an incumbent to win reelection, retire, and upon *341 assumption of his new term of office receive both salary payments and retirement benefits, then the subsequent suspension of the retirement benefits would violate NY Constitution, article V, § 7.*
Our Legislature has for over a half century evinced a strong public policy in favor of the suspension of retirement benefits of a person who after retiring accepts an office in the civil service of the State (see, Civil Service Law § 32, added by L 1932, ch 78, repealed by L 1958, ch 790; Civil Service Law § 71-a, added by L 1921, ch 207, repealed by L 1947, ch 841; Civil Service Law § 150, added by L 1958, ch 790; Retirement and Social Security Law § 101, added by L 1955, ch 687). Although exceptions have been made to this general proscription, it is clear that such exceptions were enacted for limited purposes and were not meant to abrogate or dilute the longstanding and overriding State policy to prohibit the receipt of retirement benefits and salary at the same time which could constitute an abuse of the public fisc.
 We must reject appellants’ argument that they fall within the exception provided in Civil Service Law § 150 for an "elective public office” (see, Retirement and Social Security Law § 101 [d] [3]). As initially interpreted (see, 1947 Opns Atty Gen 138; 1936 Opns Atty Gen 178; 1935 Opns Atty Gen 145; 1935 Opns Atty Gen 144) and subsequently codified (see, L 1955, ch 687, adding Retirement and Social Security Law § 101), this exception was limited to local elective public officers, who it was feared, would be discouraged from seeking local elective offices, which traditionally were low-paying, if their retirement benefits thereby would be suspended (see, 1947 Opns Atty Gen 138, 139; 1955 NY Legis Ann, at 84, 86). Moreover, the expansion of this exception in 1975 by the amendment of Retirement and Social Security Law § 101 (d) (3) to include both State and local elective officers was intended to do no more than "provide that retired police and firemen that are elected to state elective public office are exempt from the requirement that retirement pensions or annuities be suspended during the period of renewed service” (Memoranda of Assemblyman Stephen R. Greco, 1975 NY Legis Ann, at 75). To extend this limited exception beyond its *342 intended application would, in these circumstances, be illogical, and would effectively defeat the intent and purpose of the Legislature in enacting the broader statutory scheme and would contravene the established public policy of this State. Accordingly, we conclude that appellants had no statutory or contractual entitlement to receive their retirement benefits while simultaneously receiving salary payments for their judicial offices and that the suspension of those benefits by the Comptroller did not contravene NY Constitution, article V, §7.
We have considered appellants’ other Federal and State constitutional arguments as well as their contention that estoppel is available against the State under these circumstances and conclude that these arguments are without merit.
We would note that inasmuch as appellant Maresca, who reached the age of 70 on May 27, 1984, claims that Retirement and Social Security Law § 212 exempts him from the suspension of his retirement allowance and respondents having not disputed the applicability of this statute to him, the order of the Appellate Division should be reversed and the petition of appellant Maresca granted. Based on the foregoing, however, the remaining orders of the Appellate Division should be affirmed, with costs.
Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in Per Curiam opinion; Chief Judge Wachtler taking no part.
In Matter of Baker v Regan, Matter of Dempsey v Regan, Matter of Brennan v Regan, Matter of Garvey v Regan, and Matter of LaFauci v Regan: Order affirmed, with costs.
In Matter of Maresca v Regan: Order reversed, with costs, and petition granted.

 NY Constitution, article V, § 7 states: "After July first, nineteen hundred forty, membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired.”