■ In the Matter of FRANCESCO BRUNI, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner was employed as a laborer by the Town of Oyster Bay, Nassau County, when he suffered an accidental injury in the course of his employment on May 5, 1983. Petitioner was placed on leave without pay status beginning May 25, 1983. Shortly thereafter, according to petitioner, he contacted an unidentified town official who informed him that he was not entitled to any benefits from the State. Petitioner also maintains that in June 1983, he had occasion to speak with Dominick Prochilo, Deputy Comptroller for Nassau County, who allegedly advised petitioner that he was ineligible for State disability retirement benefits because he did not have 10 years of service credit.

It is undisputed that petitioner made no further inquiries until November 1984 when he contacted Prochilo who, at this time, apparently advised petitioner that he was eligible for disability retirement benefits as long as he filed for them within two years from the date of the injury. On November 11, 1984, Prochilo assisted petitioner in preparing the application for benefits. This application, however, was rejected by respondent New York State Employees' Retirement System (hereinafter the System) because the wrong form had been used. Petitioner resubmitted his application on the proper form in December 1984. Respondent Comptroller then denied petitioner's application because it had not been filed within

one year from the date he was placed on unpaid leave status as required by Retirement and Social Security Law § 605 (b) (2) and (3).

An administrative hearing was held in which petitioner sought to prove that respondents should be estopped from denying him benefits because the misinformation given by respondents' agent was the cause of his failure to file on time. The Hearing Officer rejected this contention and upheld the denial of benefits. Petitioner commenced the instant proceeding, which was transferred to this court, challenging this final determination.

Petitioner again claims that respondents should be estopped as a result of his detrimental reliance upon the misinformation provided by their agent, Prochilo. According to petitioner, Prochilo's own testimony that his office acts as a liaison between county employees and the System was sufficient to establish an agency relationship between the Nassau County Comptroller's office and respondents. We disagree. While Prochilo's testimony indicated that his office carried some of the System's forms and that he would attempt to answer questions for the convenience of county employees, this in itself is insufficient to prove an actual or apparent agency relationship binding upon the State. There was no evidence that respondents had ever authorized or requested Prochilo or the Nassau County Comptroller's office to act on their behalf in answering inquiries on benefits under the State's retirement system (cf., Matter of Hurwitz v Regan, 90 AD2d 659, 660, lv denied 58 NY2d 609). Consequently, since we conclude that petitioner failed to prove that he relied on the erroneous advice of any agent or employee of respondents, it is unnecessary to address petitioner's other contentions.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Levine and Harvey, JJ., concur.