*890 OPINION OF THE COURT
Joseph Harris, J.
Plaintiff was originally elected a Supreme Court Justice on November 4, 1969 for a term running from January 1, 1970 to December 31, 1983. In November 1983 he won reelection to a new 14-year term for the same office. In December 1983, after reelection, he retired from his previous term as Supreme Court Justice, effective December 30, 1983; his new term as Supreme Court Justice commenced January 1, 1984. Thereafter and until August 1, 1985, he received both his retirement benefits accrued prior to the commencement of his new term and his salary as a continuing Supreme Court Justice.
Plaintiff contended that on January 1, 1984, pursuant to section 150 of the Civil Service Law, he was legally permitted to receive both his retirement benefits and his salary as a reelected Supreme Court Justice for the term commencing subsequent to his retirement. At that time Civil Service Law § 150 required, with certain stated exceptions, that if, subsequent to his retirement, a public retiree shall accept any public office, position or employment, any pension or annuity awarded or allotted to him upon retirement shall be suspended during such service or employment and while such person is receiving any salary or emolument therefor. One of the stated exceptions was where the public retiree, subsequent to his retirement, entered upon an "elective public office”.
This practice, known as "double-dipping”, was not unique to this plaintiff. In order unequivocally to put a stop to this practice, effective May 15, 1984, the State Legislature amended the aforesaid section 150 of the Civil Service Law by adding the following sentence: "Notwithstanding the foregoing, if any person, subsequent to his retirement from an elective public office, accepts appointment, is re-elected or takes a new oath of office to the same elective public office from which he retired, his retirement allowance shall be suspended until the date he vacates such elective public office”.
Thereafter, plaintiff, together with six other petitioners similarly situated, all sitting Judges of the Unified Court System of the State of New York, commenced a CPLR article 78 proceeding in New York Supreme Court, Albany County, challenging the constitutionality of the aforesaid amendment to section 150 of the New York Civil Service Law contained in Laws of 1984 (ch 117), contending that under the specific *891 circumstances involved, the amendment violated article V, § 7 of the NY Constitution, which states: "After July first, nineteen hundred forty, membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired.”
Initially successful at Special Term, the judgment entered in favor of petitioners was reversed by the Appellate Division, Third Department (Matter of Baker v Regan, 114 AD2d 187 [1986]). The order of the Appellate Division, insofar as the plaintiff herein is concerned, was affirmed by the New York Court of Appeals (Matter of Baker v Regan, 68 NY2d 335 [1986]).
In its Per Curiam opinion in Matter of Baker v Regan (supra), dated November 18, 1986, the Court of Appeals held that, under the specific circumstances, the appellant Judges, including petitioner herein, had no statutory or contractual entitlement to the retirement benefits of their judicial office while they continued in their same office in a reelected status, and that suspension of those benefits by the Comptroller did not contravene NY Constitution, article V, § 7.
Plaintiff was paid, and received, retirement benefits for the period covering December 31, 1983 through July 31, 1985, when said benefits were terminated. During that same time period plaintiff also received a salary for his services as a second term State Supreme Court Justice.
On July 25, 1985, the Court of Appeals was notified of an unrelated Federal indictment against plaintiff. On September 10, 1985, the Court of Appeals suspended plaintiff from his judicial duties without pay. On December 14, 1985, he resigned from his second term as a Supreme Court Justice. Because he was no longer receiving a salary for said public office, his retirement benefits were resumed.
On January 16, 1987, plaintiff received a letter from the Office of the Comptroller of the State of New York claiming that the New York State Employees’ Retirement System was entitled to recover from plaintiff retirement benefits erroneously paid to him while he was also collecting his salary as a Supreme Court Justice during the period from December 30, 1983, when he retired from his first term as a Supreme Court Justice, to July 31, 1985, the day retirement benefits to plaintiff were suspended by defendants. The State Comptroller advised plaintiff that he had been overpaid $77,577 and that *892 interest on said sum in the amount of $15,709.37 had to be added, for a total overpayment of $93,286.37. Repayment of said sum was duly demanded.
Plaintiff replied that in his opinion the Court of Appeals decision of November 18, 1986 in Matter of Brennan v Regan (68 NY2d 335) applied prospectively only from May 15, 1984, the date of the amendment to section 150 of the Civil Service Law, and that repayment of pension benefits erroneously paid by the State after May 15, 1984 ought to be without interest. This interpretation was rejected by the State Comptroller and after unsuccessful attempts between the parties to settle the matter, on June 1, 1987 the plaintiff’s retirement benefits were suspended by the State Comptroller in order to recoup from plaintiff the claimed overpayments with interest. Suspension was in full until August 31, 1987, recouping thereby the sum of $12,302.70, and thereafter monthly at the rate of $664.50. Said rate of recoupment is based on the plaintiff’s actuarial life expectancy.
On September 26, 1988, plaintiff commenced the instant action for a declaratory judgment, seeking the following relief: a declaratory judgment that defendants are not entitled to recoup any moneys from plaintiff’s monthly pension benefits; a permanent injunction enjoining defendants from deducting any money from plaintiff’s pension benefits; a declaratory judgment that recoupment of pension benefits previously paid to him under section 150 of the Civil Service Law violates plaintiff’s rights to due process and the equal protection of the laws under the Constitutions both of the United States and the State of New York; an order compelling return of moneys heretofore deducted from his pension benefits as and for recoupment; and judgment in the sum of $40,000 with interest, being alleged overpayment of taxes by plaintiff as a result of negligence of the defendants in erroneously paying him retirement benefits under section 150 of the Civil Service Law while he was simultaneously receiving his salary as a reelected Supreme Court Justice.
(The court determined that a declaratory judgment action is appropriate, against the contention by respondent that only a CPLR article 78 proceeding is a proper procedural vehicle herein. For purposes of conservation of space, discussion of this issue is omitted.)
Respecting the merits herein, as to those causes of action over which the court has jurisdiction, there are no issues of *893 fact requiring resolution. Plaintiff does not dispute that for the period of time recoupment is sought by defendants, namely, December 30, 1983, when plaintiff retired preparatory to entering upon his reelection term as Supreme Court Justice, to July 31, 1985, the day his pension benefits were originally suspended by defendants, he received in retirement benefits the sum of $77,577; nor does he dispute that if interest is authorized on said sum, such interest would be in the amount of $15,709.37 as claimed by defendants. He argues only that the decision of the Court of Appeals in Matter of Baker v Regan (68 NY2d 335, supra) was meant to be prospective from May 15, 1984 only, that repayment to the defendants of erroneously paid retirement benefits ought to be without interest, and that there is no authority for the defendants to recoup the claimed erroneously paid retirement benefits by withholding portions of his current, concededly legal retirement benefits, which he claims are vested and inalienable.*
For this reason, pursuant to the authority of CPLR 3211 (c), the court elects to treat the CPLR 3211 motion of the defendants as a motion for summary judgment, and to that end has duly notified the parties of the court’s election to do so, with the opportunity to submit whatever additional proof they may have to buttress their positions.
Having now reached the merits of the case, the court declares as follows:
1. That, contrary to the contention of plaintiff, the Court of Appeals in Matter of Brennan v Regan (68 NY2d 335, supra) clearly and unequivocally held that neither subsequent to the amendment of section 150 of the Civil Service Law of May 15, 1984 (L 1984, ch 117), nor prior thereto, was plaintiff authorized as an incumbent Supreme Court Justice to win reelection to the same office, retire, and upon assumption of his new term of office receive both salary payments and retirement benefits; that both subsequent to said amendment of section 150 of the Civil Service Law, and prior thereto, plaintiff had no statutory or contractual entitlement to receive retirement benefits while simultaneously receiving salary payments for the same judicial office, and that the suspension of those *894 benefits by the State Comptroller did not contravene NY Constitution, article V, § 7; the above findings are res judicata in the instant action.
2. That from December 30, 1983, when plaintiff originally retired after having been reelected to his same position as a Supreme Court Justice, but prior to his assuming said reelection position, to July 31, 1985, when his pension benefits were suspended by the State Comptroller, plaintiff was erroneously and unlawfully paid retirement benefits in the sum of $77,577, to no portion of which was the plaintiff entitled.
3. That, accordingly, and by reason of this overpayment, plaintiff owes, and must repay the New York State Employees’ Retirement System the sum of $77,577, together with legal interest in the sum of $15,709.37, for a total sum of $93,286.37, less whatever portion of said sum has been repaid.
4. That the State Comptroller, pursuant to section 111 of the Retirement and Social Security Law, has the authority and duty to recoup overpayments from a State retirement system by withholding current pension benefits to which the retiree would otherwise be entitled. The quantum of a retiree’s pension benefits is an amount adjusted to reflect both overpayments and underpayments. This neither diminishes nor impairs the retiree’s pension benefit — that implying an over-all amount to which he is entitled; it merely corrects the record to reflect that to which he is legally entitled. Neither article V, § 7 of the NY Constitution, nor section 110 of the Retirement and Social Security Law, is implicated or violated. (See, Matter of Brennan v Regan, 68 NY2d 335, supra.)
Respecting plaintiff’s complaint that he is being deprived of the equal protection of the laws by reason of an alleged failure of the defendants to recoup overpayments to others in the years prior to the decision of the Court of Appeals in Matter of Brennan v Regan (supra), not only has there been no evidence presented to the court in support of such allegations, but the decision in Matter of Brennan v Regan (supra) provides a rational basis for the recoupment action against plaintiff, and there is no showing of an invidious intent required for a claim of selective enforcement.
In Yick Wo v Hopkins (118 US 356, 373-374), the United States Supreme Court long ago enunciated the principle that the equal protection of the laws, with respect to a claim of *895 selective enforcement, forbids a public authority from applying or enforcing an admittedly valid law "with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances”. Taking off from this point, the New York Court of Appeals pronounced: "To invoke the right successfully, however, both the 'unequal hand’ and the 'evil eye’ requirements must be proven — to wit, there must be not only a showing that the law was not applied to others similarly situated but also that the selective application of the law was deliberately based upon an impermissible standard such as race, religion or some other arbitrary classification”. (Matter of 303 W. 42nd St. Corp. v Klein, 46 NY2d 686, 693; see also, Matter of Di Maggio v Brown, 19 NY2d 283; Oyler v Boles, 368 US 448; Snowden v Hughes, 321 US 1; People v Utica Daw’s Drug Co., 16 AD2d 12.) There has been no showing of any of these requirements in this case, not even any allegation of an arbitrary classification. The fact that a public authority does not go after everyone it might go after, does not mean it cannot go after anyone provided, as in this case, there is no invidious discrimination.
Further, it would appear that such argument is not a call for a declaration of plaintiff’s rights vis-á-vis defendants, but an attack on defendants, alleging their action to be arbitrary and capricious; thus said argument is appropriate not in an action for a declaratory judgment but in a proceeding under CPLR article 78, which is time barred.
5. In the third cause of action of the complaint, plaintiff alleges that through the negligence of the defendants he was caused by the circumstances of this case to pay income taxes to the United States which he claims now he is unable to recover. An action against the State of New York for negligence must be brought in the Court of Claims, and this court has no jurisdiction with respect to this claim. Accordingly, the third cause of action is dismissed, without prejudice.
6. The above declaration having been made, there is no warrant for the incidental relief requested by plaintiff, and accordingly such incidental relief, and each of them, is denied.
The court has examined all other arguments of the plaintiff and finds them without merit.

 The parties are in agreement that the current retirement benefits to which the plaintiff is entitled, absent recoupment, based on his final date of retirement from State service, December 14, 1985, is the annual sum of $50,457.