[644 NYS2d 436]

In the Matter of INCORPORATED VILLAGE OF NISSEQUOGUE et al., Appellants, v NEW YORK STATE CIVIL SERVICE COMMISSION, Respondent.

Third Department, June 20, 1996

### APPEARANCES OF COUNSEL

*Cahn Wishod & Lamb, L. L. P.,* Melville *(Scott M. Karson, Eugene L. Wishod* and *Joel M. Markowitz* of counsel), for appellants.

*Dennis C. Vacco, Attorney-General,* Albany *(Francis V. Dow* and *Nancy A. Spiegel* of counsel), for respondent.

### OPINION OF THE COURT

MERCURE, J.

As a general rule, an individual who is retired from service with the State, a municipal corporation or a political subdivision of the State may not engage in the practice known as "double dipping", where he or she simultaneously receives pension benefits and compensation for postretirement public employment or service (*see,* Civil Service Law § 150). Nonetheless, under Retirement and Social Security Law § 211, a retired person may receive pension benefits and compensation for public employment with the approval (as pertinent here) of respondent upon request of the prospective employer and a finding on appropriate evidence that (1) the retired person is "duly qualified, competent and physically fit for performance of the duties", (2) there is a need for his or her services in the position, (3) there are not readily available for recruitment persons qualified to perform the duties of the position, and (4) the retired person's employment is in the best interests of the government service (*see,* Retirement and Social Security Law § 211 [2] [a], [b]).

In 1990, petitioner Village of Nissequogue sought authorization to employ petitioner John P. Brennan, a retired Suffolk

County police officer, to head its police department, comprised of three full-time officers and six part-time officers. On September 12, 1990, respondent approved the Village's request and authorized Brennan's employment for the two-year period commencing April 1, 1990. Two additional exemptions were granted covering the period from April 1, 1992 through December 31, 1993. During October 1993, however, respondent noted the Village's delays in "the proper titling and classification of the position" and indicated that the request had been granted "to provide the Village with sufficient opportunity to conduct a good faith recruitment effort to determine if there are readily available other qualified candidates for appointment to this position".

Thereafter, the Village made a fourth request for an exemption, so as to permit Brennan's continued employment after December 31, 1993. Respondent granted the request only to the extent of approving Brennan's employment until September 1, 1994. In disapproving Brennan's employment after that date, respondent noted that appointments under Retirement and Social Security Law § 211 "are meant to be temporary until [municipalities] can make arrangements to fill the position permanently * * * [that Brennan's employment pursuant to section 211] has provided the Village more than ample opportunity to permanently fill the position * * * [and that the request was approved through September 1994] to provide the Village with an opportunity to recruit a non-retiree replacement using appropriate minimum qualifications for the position". This CPLR article 78 proceeding ensued. Supreme Court dismissed the petition, petitioners appeal and we affirm.

We are not persuaded that respondent irrationally interpreted Retirement and Social Security Law § 211 so as to place a limit on the number of successive exemptions that may be granted a public employer or that respondent's determination was otherwise erroneous, arbitrary or capricious. To the contrary, we agree with respondent's conclusion that, by imposing the limitation that "there [not be] readily available for recruitment persons qualified to perform the duties of [the] position", Retirement and Social Security Law § 211 (2) (b) (3) implicitly requires a public employer seeking a continuing exemption to formulate realistic job qualifications and to actively recruit candidates for the position. To that extent, the statute permissibly imposes a flexible limit on the number of exemptions that may be granted. Here, the evidence supported the conclusion that the Village had crafted its job qualifications (requiring,

among other things, residence in relatively close proximity to the Village, a Bachelor's degree and minimum of 20 years of full-time employment in the law enforcement or public safety fields, involving as many levels of State and municipal government as possible) in such a way as to essentially preclude the hiring of any candidate other than Brennan or another retired police officer. We conclude that the content of the job description, together with evidence of the Village's lax efforts at finding a replacement for Brennan, provided ample support for respondent's determination to deny the Retirement and Social Security Law § 211 application beyond September 1, 1994 (*see, Matter of Baker v Regan*, 68 NY2d 335; *Brown v New York State Teachers' Retirement Sys.*, 107 AD2d 103, *lv denied* 66 NY2d 601).

We have considered petitioners' remaining contentions and find them lacking in merit.

MIKOLL, J. P., CREW III, YESAWICH JR. and PETERS, JJ., concur.

Ordered that the judgment is affirmed, without costs.