■ In the Matter of JOHN WILLIAMS, JR., Petitioner, v H. CARL MCCALL, as State Comptroller and Administrator of the New York State and Local Employees' Retirement System and Police and Fire Retirement System, Respondent. [724 NYS2d 225] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's request for recalculation of his retirement benefits.

Petitioner first joined the New York State and Local Employees' Retirement System in 1962 during his employment as a mental health therapy aide at Creedmoor State Hospital. In 1969, he became a member of the New York City Police Department and subsequently became a member of the New York City Police Pension Fund (hereinafter the Fund). Petitioner worked intermittently at each job until 1977 when he began working full time for both the Police Department and the State Hospital, a practice which continued until he retired from the Police Department in 1990. At this time, he began to receive retirement benefits from the Fund while continuing to work full time at the State Hospital. He retired from this position in 1995, at which time he began receiving benefits from the Retirement System as well. Thus, for a considerable period of time, petitioner was a full-time State and City employee and covered by both of their respective retirement systems. Notwithstanding, when asked on the State retirement application form whether he was a member of "any other Public Retirement System in the State," petitioner replied in the negative.

At issue on appeal is the effect of petitioner's receipt of his police pension benefits during the period of time that he continued his full-time State employment. Specifically, petitioner challenges respondent's determination that for purposes of calculating his *State* retirement benefits, his employment at the State Hospital after July 3, 1990 could not be counted as service credit because he was receiving pension benefits from the Fund at that time. Following a hearing, respondent denied petitioner's request that his State retirement benefits be recalculated to include service credit for his employment at the State Hospital from 1990 through 1995, prompting this CPLR article 78 proceeding.

Initially, we note that respondent is charged with the responsibility of determining service credits for retirement purposes and his determination will be upheld if rational and supported by substantial evidence (*see, Matter of Doner v Comptroller of State of N. Y.*, 262 AD2d 750, 751; *Matter of Nigro v McCall*, 218 AD2d 846, 847). Further, it is well settled that "[a]s a general rule, an individual who is retired from service with the State, a municipal corporation or a political subdivision of the State may not engage in the practice known as 'double dipping', where [such individual] simultaneously receives pension benefits and compensation for postretirement public employment or service" (*Matter of Incorporated Vil. of Nissequogue v New York State Civ. Serv. Commn.*, 220 AD2d 53, 54). Even if petitioner were specifically authorized to continue his postretirement public service (which he was not on this record), Retirement and Social Security Law § 213 (b) specifically prohibits the grant of service credit for such postretirement employment.

In the case at bar, it is undisputed that petitioner began receiving pension benefits from the Fund in 1990 and continued to receive them during his employment at the State Hospital. Consequently, there is a rational basis for respondent's determination denying him service credit for this time period in calculating his retirement benefits under the Retirement System. Contrary to petitioner's claim, the fact that he worked for the State Hospital before and during his employment with the Police Department does not compel a contrary conclusion. Furthermore, we find no applicable exception under Retirement and Social Security Law § 211. Therefore, respondent's determination must be confirmed.

Mercure, J. P., Peters, Spain and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.