■ In the Matter of REGINALD O. JOHNSON, Appellant, v STATE OF NEW YORK et al., Respondents. [809 NYS2d 192]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the respondent New York State Teachers' Retirement System, dated April 14, 2004, suspending the petitioner's retirement benefits and directing him to return previously paid benefits in the amount of $67,955.34, the petitioner appeals from a judgment of the Supreme Court, Kings County (Dabiri, J.), dated February 7, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Contrary to the petitioner's contention, the "substantial evidence" standard applies in a CPLR article 78 proceeding only when the determination under review was "made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law" (CPLR 7803 [4]; *see Matter of Colton v Berman*, 21 NY2d 322, 329 [1967]; *Matter of Christopher v Phillips*, 160 AD2d 1165 [1990]). Since no hearing was required in this case, the Supreme Court properly considered "whether [the] determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]).

The petitioner, while receiving retirement benefits through the respondent New York State Teachers' Retirement System (hereinafter the NYSTRS) after retiring from his teaching position, was also employed full-time by the New York City Department of Homeless Services. The NYSTRS did not act irrationally or illegally in determining that the petitioner was engaged in impermissible "double dipping," (L 1984, ch 117, amdg Civil Service Law § 150) requiring that his retirement benefits be suspended and the benefits already paid to him be returned (*see* Civil Service Law § 150; Education Law § 503 [5]; *Matter of Robinson v New York State Employees' Retirement Sys.*, 46 NY2d 747 [1978]; *Matter of Williams v McCall*, 283 AD2d 808 [2001]; *see generally Matter of Baker v Regan*, 68 NY2d 335, 341 [1986]). Florio, J.P., Skelos, Fisher and Lunn, JJ., concur.