[827 NYS2d 756]

In the Matter of PHILIP M. GRELLA, Appellant, v ALAN G. HEVESI, as State Comptroller, Respondent.

Third Department, January 11, 2007

## APPEARANCES OF COUNSEL

*Powers & Santola, L.L.P.,* Albany (*Michael J. Hutter* of counsel), for appellant.

*Andrew M. Cuomo, Attorney General,* Albany (*William E. Storrs* of counsel), for respondent.

## OPINION OF THE COURT

SPAIN, J.

The narrow issue presented by this appeal is whether a public employment retiree who is appointed to be a Judge of the Court of Claims and then temporarily assigned to the Supreme Court qualifies for the "elective public office" statutory exception (Civil Service Law § 150), an exception to the general rule that pension benefits are suspended when such a retiree returns to work in the public sector (*see* Retirement and Social Security Law § 101 [a]; Civil Service Law § 150). We agree with the sound reasoning and conclusion of Supreme Court that this exception is inapplicable to petitioner because he was neither elected to nor appointed to any elective office. Thus, we affirm the dismissal of petitioner's CPLR article 78 petition which challenged respondent's determination denying his request to receive retirement benefits without reduction due to his postretirement employment as a Court of Claims Judge.

The facts are not in dispute. Petitioner is eligible to receive full retirement benefits as a retiree of the New York State and Local Employees' Retirement System, having served as an As-

sistant District Attorney in Nassau County for 24 years and an appointed (July 1996) and then elected (November 1996) Judge of the Nassau County District Court, for a combined total of 30 years. Following his unsuccessful reelection bid in 2002, petitioner, then age 56, consulted with Office of Court Administration benefits' representatives and then applied for retirement before the expiration of his elected term; he began collecting his annual pension ($75,534) upon his retirement, effective January 1, 2003. Petitioner was later appointed by the Governor as a Court of Claims Judge, effective June 30, 2003, and, upon the commencement of his duties, he was administratively assigned to Supreme Court. Thereafter, he was informed by the Retirement System that his pension benefits would be suspended, due to his postretirement employment (*see* Retirement and Social Security Law § 101 [a], [d]), once his earnings reached $25,000 (*see* Retirement and Social Security Law § 212 [2003 annual limit applicable to those under age 65]); since petitioner had returned to the same employer, he could earn $36,000 if he obtained a waiver from his employer (*see* Retirement and Social Security Law § 211; *see also Matter of Incorporated Vil. of Nissequogue v New York State Civ. Serv. Commn.*, 220 AD2d 53, 54 [1996]), which the Office of Court Administration granted. The Retirement System also concluded that petitioner was not eligible for the Civil Service Law § 150 elective office exception.

Upon petitioner's request for a redetermination, a hearing was conducted (*see* Retirement and Social Security Law § 74 [d]) at which petitioner advocated that he was entitled to full retirement benefits without any reduction. The Hearing Officer issued written findings of fact and conclusions of law, adopted by respondent in its final determination, that petitioner was not eligible for the Civil Service Law § 150 exception for elective office. Supreme Court thereafter dismissed petitioner's CPLR article 78 petition (10 Misc 3d 519 [2005]), and we affirm.

Under long-standing public policy as expressed by the Legislature, the general rule is that when a retired member of the Retirement System returns to public service, the member's pension benefits are suspended until he or she again retires (*see* Retirement and Social Security Law § 101 [a]; Civil Service Law § 150; *see also Matter of Baker v Regan*, 68 NY2d 335, 341 [1986]; *Matter of Incorporated Vil. of Nissequogue v New York State Civ. Serv. Commn., supra* at 54). Limited exceptions have been legislatively crafted (*see* Retirement and Social Security

Law § 101 [d]; §§ 211, 212; Civil Service Law § 150). Retirement and Social Security Law § 212 sets forth limits on annual earnings which a retiree under the age of 65 may make from a public employer without diminution of retirement benefits. Here, petitioner obtained a waiver to exceed the section 212 limit (*see* Retirement and Social Security Law § 211 [1] [a]; [2] [a] [7]; [b]); since he returned to work for the same employer* for which he worked prior to retirement—i.e., the Office of Court Administration—that waiver permits him to earn, without diminution in his retirement benefits, only up to the amount governed by the statutory formula (*see* Retirement and Social Security Law § 211 [1] [a]), calculated at $36,000.

Petitioner's central contention has been that he qualifies for the Civil Service Law § 150 exception which allows a retiree to earn a full salary from an elective office that the retiree did not hold prior to retirement, without any diminution or suspension of the retiree's full retirement allowance (*see* Retirement and Social Security Law § 101 [d]). Specifically, under an interpretation rejected by respondent and Supreme Court, petitioner submits that his appointment as a Court of Claims Judge and *assignment* to Supreme Court under Court of Claims Act § 2 (b), pursuant to which he assumed and performed the duties of a Supreme Court Justice, constitutes "accept[ance] . . . [of] an elective public office" within the meaning and intendment of this exception (Civil Service Law § 150).

Our review of respondent's determination is limited to ascertaining whether it is erroneous or arbitrary and capricious and, thus, without a rational basis (*see* CPLR 7803 [3]; *see also Matter of Johnson v State of New York*, 26 AD3d 379, 380 [2006]). We adhere to our prior conclusion that the administration of Civil Service Law § 150 does not require the type of expertise or special competence warranting deference to respondent's interpretation (*see Matter of Baker v Regan*, 114 AD2d 187, 190 [1986], *affd in part and revd in part* 68 NY2d 335 [1986]; *see also Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y.*, 91 NY2d 413, 419-421 [1998]; *Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459 [1980]). Thus, we endeavor "to ascertain the proper interpretation from the statutory language and legislative intent" (*Matter of Gruber [New York City Dept. of Personnel—Sweeney]*, 89 NY2d 225, 231-232 [1996]).

---

* If a retiree is employed by a new, different employer, unlimited earnings are permitted (*see* Retirement and Social Security Law § 211 [1] [b]).

As the statute is clear and unambiguous on its face, " 'the court[s] should construe it so as to give effect to the plain meaning of the words used' " (*Matter of Raritan Dev. Corp. v Silva*, 91 NY2d 98, 107 [1997] [emphasis omitted], quoting *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208 [1976]; *see Matter of Judge Rotenberg Educ. Ctr. v Maul*, 91 NY2d 298, 303 [1998]; *Doctors Council v New York City Employees' Retirement Sys.*, 71 NY2d 669, 674-675 [1988]). So construed, the only reasoned interpretation is that when a person is *appointed* by the Governor to the Court of Claims, a nonelective position (*see* Court of Claims Act § 2; *see also* NY Const, art VI, § 9), that person clearly does not "accept . . . an elective public office" within the exception (Civil Service Law § 150). Further, a temporary *assignment* to Supreme Court by the Chief Administrator of the Courts (*see* NY Const, art VI, § 26 [b], [i]; § 28; *see also* Judiciary Law § 212 [2] [c]; 22 NYCRR part 33) and the concomitant performance of the duties of that office (*see* NY Const, art VI, § 26 [b], [k]; *see also Matter of Taylor v Sise*, 33 NY2d 357, 363-365 [1974]) does not constitute acceptance of an elective office, as such an administrative designation could not convert one's status to that of an elective office holder or alter one's classification as an appointee to a nonelective position. Stated differently, for purposes of the "elective office" exception, being administratively assigned to and assuming the duties of an elective office is not the equivalent of being elected to—or appointed to fill a vacancy in—that elective office (*see* Retirement and Social Security Law § 101 [d]).

Petitioner's alternate argument is that respondent should be equitably estopped from suspending his retirement benefits. He submits that he relied, to his detriment, on erroneous advice from an Office of Court Administration representative regarding his entitlement to receive benefits if he were so employed, postretirement, in the public sector. However, this doctrine generally cannot be invoked against the State or its agencies (*see Delaware County Dept. of Social Servs. v Pontonero*, 31 AD3d 999, 1001 [2006]). The narrow exception to that prohibition is inapplicable, as erroneous advice by a government employee does not constitute the type of unusual circumstance contemplated by the exception (*see Matter of Daleview Nursing Home v Axelrod*, 62 NY2d 30, 33 [1984]; *Matter of Smith v New York State & Local Retirement Sys.*, 199 AD2d 763, 764 [1993]), even when given by a Retirement System employee (*see Matter of Schwartz v McCall*, 300 AD2d 887, 889 [2002]). Respondent has

the exclusive authority to determine entitlement to retirement benefits (*see* Retirement and Social Security Law § 74 [b]) and the duty to correct errors (*see* Retirement and Social Security Law § 111 [b]) and cannot be estopped "to create rights to retirement benefits to which there is no entitlement" (*Matter of Baker v Regan, supra* at 192; *see Matter of Hession v New York State & Local Employees' Retirement Sys.*, 24 AD3d 1008, 1010 [2005]).

MERCURE, J.P., CREW III, PETERS and CARPINELLO, JJ., concur.

Ordered that the judgment is affirmed, without costs.