■ LESLIE GOLDSTEIN, Appellant, v TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK, Respondent. [932 NYS2d 338]—

Petitioner was informed by letter dated August 22, 2006, that respondent had improperly included prior employment in calculating his service credit with the New York City Department of Education. Although he was offered an administrative remedy that would have enabled him to obtain the service credit he desired, petitioner declined that remedy on September 24, 2007, at which point the four-month limitations period began to run (CPLR 217 [1]; *see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 35 [2005]).

Upon ascertaining that petitioner had less service credit than its preliminary evaluation had indicated, respondent was required by Education Law § 525 to correct the error (*Matter of Galanthay v New York State Teachers' Retirement Sys.*, 50 NY2d 984 [1980]). The doctrine of estoppel may not be applied to prevent respondent from doing so (*see Matter of E.F.S. Ventures Corp. v Foster*, 71 NY2d 359, 369 [1988]; *Matter of Scheurer v New York City Employees' Retirement Sys.*, 223 AD2d 379 [1996]). Concur—Saxe, J.P., Sweeny, DeGrasse and Manzanet-Daniels, JJ.