Garry, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner’s application for disability retirement benefits.
Petitioner was employed as a highway laborer by the Town of Eastchester when, in April 2007, he injured his back during the course of his employment. Unable to return to work, petitioner was terminated from his employment in May 2007. In June 2007, petitioner submitted a withdrawal application to the New York State and Local Retirement System, apparently upon the advice of the Town’s comptroller who informed him that such withdrawal would have no affect on his ability to receive retirement benefits. Thereafter, in July 2011, petitioner applied for disability retirement benefits and the application was denied on the basis that he was not a member of the Retirement System on the filing date. Petitioner made a timely request for a hear *1376 ing and redetermination and, following a hearing, the Comptroller upheld the denial. Petitioner then commenced this CPLR article 78 proceeding.
We confirm. An applicant must be a member of the Retirement System to be eligible to receive disability retirement benefits (see generally Retirement and Social Security Law § 605). Here, petitioner withdrew from the Retirement System by application dated June 1, 2007, and thereafter received all of the funds he had contributed. Insofar as petitioner contends that the Retirement System should be estopped from denying his application based upon his allegation that he was instructed by town personnel that his withdrawal would not affect his right to receive disability benefits, it has been established that municipal employees are not agents of the Retirement System (see Matter of Bruni v Regan, 133 AD2d 921, 922 [1987], lv denied 71 NY2d 806 [1988]). Further, estoppel may not be invoked against the state generally, and “erroneous advice by a government employee does not constitute the type of unusual circumstance contemplated by the exception” (Matter of Grella v Hevesi, 38 AD3d 113, 117 [2007]; see Matter of Komolafe v Cuomo, 83 AD3d 1258, 1259 [2011]; Matter of Hession v New York State & Local Employees’ Retirement Sys., 24 AD3d 1008, 1010 [2005]). The Comptroller is vested with the “exclusive authority to determine entitlement to retirement benefits (see Retirement and Social Security Law § 74 [b]) and the duty to correct errors (see Retirement and Social Security Law § 111 [b]) and cannot be estopped ‘to create rights to retirement benefits to which there is no entitlement’ ” (Matter of Grella v Hevesi, 38 AD3d at 118, quoting Matter of Baker v Regan, 114 AD2d 187, 192 [1986], revd on other grounds 68 NY2d 335 [1986]; see generally Matter of Mowry v DiNapoli, 111 AD3d 1117, 1120 [2013]).
Peters, PJ., Lahtinen, McCarthy and Devine, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.