Order of the Court of Claims of the State of New York (Alan C. Marin, J.), entered January 31, 2013, which granted defendants’ motion to dismiss claimant’s complaint, unanimously affirmed, without costs.
Claimant alleges that he resigned from his former positions as a Court of Claims Judge and acting Supreme Court Justice, relying on the erroneous advice of employees of defendant Office of Court Administration (OCA) that he was vested in his New York State Health Insurance Program (NYSHIP). He also asserts that he would not have resigned when he did if not for *448 this advice. He seeks to be reinstated to the NYSHIf] or to recover money damages.
Although the giving of advice by the OCA employees was ministerial in nature, which might subject the governmental body to liability (see Valdez v City of New York, 18 NY3d 69, 76-77 [2011]; see also Lauer v City of New York, 95 NY2d 95, 99 [2000]), claimant has not alleged a sufficient special duty owed to him, as opposed to any other employee seeking advice from OCA (see Valdez, 18 NY3d at 76-77; McLean v City of New York, 12 NY3d 194, 202 [2009]; Lauer, 95 NY2d at 99-100). In any event, it is uncontested that claimant is, in his present status, not eligible for NYSHIP benefits under the law, and defendants may not be estopped from applying the law to claimant based on the erroneous information given to him (see Matter of Galanthay v New York State Teachers’ Retirement Sys., 50 NY2d 984, 986 [1980]; Goldstein v Teachers’ Retirement Sys. of the City of N.Y., 89 AD3d 501, 502 [1st Dept 2011]; Matter of Grella v Hevesi, 38 AD3d 113, 117 [3d Dept 2007]). The narrow exception to the rule that estoppel may not be invoked to prevent a governmental agency from performing its duty is not applicable here (Matter of Grella, 38 AD3d at 117-118).
Concur—Friedman, J.P, Saxe, Manzanet-Daniels and Feinman, JJ.