*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 21, 2016                    520960
_____

In the Matter of C. MURRAY
    REGAN,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

THOMAS P. DiNAPOLI, as State
    Comptroller,
                        Respondent.
_____

Calendar Date:  November 17, 2015

Before:  Lahtinen, J.P., Garry, Rose, Lynch and Devine, JJ.

                    _____


        Law Office of Christen Archer Pierrot, East Aurora
(Christen Archer Pierrot of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

                    _____


Rose, J.

        Appeal from an order and judgment of the Supreme Court
(O'Connor, J.), entered July 1, 2014 in Albany County, which
dismissed petitioner's application, in a proceeding pursuant to
CPLR article 78, to review a determination of respondent denying
petitioner credit for certain years of service.

        Petitioner worked as a teacher and, in that capacity, he
was a member of the New York State Teachers' Retirement System
(hereinafter TRS) for over 30 years when, in January 1998, he
also began to serve as an elected town supervisor.  In this
latter capacity, he was also a member of the New York State and
Local Retirement System (hereinafter LRS).  After being advised

by a representative of the LRS that he could retire from teaching and continue to accrue service credit in the LRS "[a]s long as [he] continue[d] as an elected official," petitioner retired from teaching in July 1998 and began collecting his pension from the TRS while continuing to earn a town supervisor's salary.  In 2001, petitioner lost his bid for reelection as town supervisor and applied to the LRS for retirement benefits.  The LRS rejected his application, finding that he had not yet accrued the required minimum amount of service credit.  In 2004, petitioner regained elective office, this time as a village justice.  He served for eight years in this new position, all the while receiving both his TRS pension and a village justice's salary.  During this time period, the LRS sent him annual updates indicating, among other things, that he was also accruing service credit.

When petitioner decided not to seek reelection for his position as a village justice for the term starting in 2012, he again applied to the LRS for retirement benefits and, again, the LRS rejected his application.  The LRS explained to petitioner that he remained ineligible for retirement benefits and its prior advice and updates had been erroneous because, upon acceptance of his position as an elected village justice in 2004, he had not suspended receipt of his TRS pension benefits and, therefore, he did not resume accruing service credit in the LRS.  After exhausting his administrative remedies in an unsuccessful attempt to overturn the denial of his application for additional LRS service credit, petitioner commenced this CPLR article 78 proceeding.  Supreme Court dismissed the petition, prompting this appeal.

Petitioner argues that Civil Service Law § 150 permits him to receive both his TRS pension benefits and his salary as an elected official while simultaneously accruing service credit toward an LRS pension.  However, based upon our review of the language of the statute and the legislative intent behind it (see Matter of Grella v Hevesi, 38 AD3d 113, 116 [2007]), we cannot agree.  As relevant here, Civil Service Law § 150 generally prohibits receipt of both a public pension and a salary as a public official or employee, but also provides an exception for public pensioners who become elected officials — such as petitioner.  It states that "if any person subsequent to his or

her retirement from [public employment] . . . shall accept any . . . [public] employment . . ., except . . . an elective public office, any [public] pension or annuity awarded or allotted to him or her upon retirement . . . shall be suspended during such service or employment and while such person is receiving any salary or emolument therefor" (Civil Service Law § 150 [emphasis added]).

While we agree that this exception allowed petitioner to receive a salary as an elected official without suspending his TRS pension benefits, we note that Civil Service Law § 150 makes no express mention of service credit and, instead, refers only to pension benefits that have already been "awarded or allotted." The statute makes no reference whatsoever to the accrual of any future benefits. Similarly, the legislative history indicates that the original purpose behind the exception for public pensioners who subsequently become elected officials was to encourage continued civic engagement by "allow[ing] a retired public employee to seek elected public office and continue to receive his/her public pension benefits" (Assembly Sponsor's Mem in Support, Bill Jacket, L 1995, ch 211 at 7 [emphasis added]). Thus, in our view, the statute allows public pensioners to continue receiving the benefits they have already earned while also serving in paid elective office, but it does not provide for the accrual of additional credit for new or greater pension benefits.

Further, petitioner's argument regarding the meaning of Civil Service Law § 150 ignores Retirement and Social Security Law § 40 (c) (9), which provides that a retired public employee entitled to public pension benefits who subsequently accepts a new public service position is considered to be an active member of the retirement system only if the pension benefits to which he or she is entitled are suspended during his or her active membership. Respondent based his denial of petitioner's application for additional service credit, in part, upon his reasonable interpretation of this provision to mean that, because petitioner did not suspend his TRS pension benefits during his tenure as an elected village justice, he was not an active member of the LRS during that time period and, accordingly, did not accrue additional LRS service credit. Deferring to respondent's

reasonable interpretation of this provision (see e.g. Matter of Brandt v DiNapoli, 126 AD3d 1165, 1166-1167 [2015], lv denied 26 NY3d 904 [2015]), and based upon our own reading of Civil Service Law § 150 (see e.g. Matter of Grella v Hevesi, 38 AD3d at 116), we agree with Supreme Court's determination that respondent correctly denied petitioner's request for additional service credit.

Petitioner alternatively argues that respondent should be equitably estopped from denying him additional service credit because his career decisions were based, in part, upon incomplete advice and erroneous information provided by LRS employees regarding his ability to earn such credit.  However, the doctrine of equitable estoppel generally cannot be invoked against a state agency unless "'there has been a showing of fraud, misrepresentation, deception, or similar affirmative misconduct, along with reliance thereon'" (Matter of Atlantic States Legal Found., Inc. v New York State Dept. of Envtl. Conservation, 119 AD3d 1172, 1173 [2014], quoting Stone Bridge Farms, Inc. v County of Columbia, 88 AD3d 1209, 1212 [2011]).  While the LRS readily conceded that mistakes were made regarding the information provided to respondent, we find no evidence in the record that any of those mistakes rise above the level of "erroneous advice [given] by a government employee[, which] does not constitute the type of unusual circumstance contemplated by the exception" (Matter of Grella v Hevesi, 38 AD3d at 117; see Matter of Westmorland v New York State & Local Retirement Sys., 129 AD3d 1402, 1404-1405 [2015]; Matter of Atlantic States Legal Found., Inc. v New York State Dept. of Envtl. Conservation, 119 AD3d at 1173).

Petitioner's further contention that respondent's denial of his application for additional service credit violates NY Constitution, article V, § 7 is raised for the first time on appeal and, thus, is unpreserved for our review.  Even if this issue were preserved, we would find it to be academic because petitioner had no right or entitlement to the additional service credit he claims.  We have examined petitioner's remaining arguments and find them to be without merit.

Lahtinen, J.P., Garry, Lynch and Devine, JJ., concur.

ORDERED that the order and judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court