McCarthy, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 5, 2014, which, among other things, remitted the matter for further hearings.
In 2007, the Department of Labor conducted an investigation of B & V Contracting Enterprises, Inc. (hereinafter the employer) to determine if it had accurately reported its payroll and paid unemployment insurance premiums during the 2004 through 2007 audit period. After an audit, the Department’s auditor prepared an investigation report dated November 13, 2007 informing the employer that it owed additional contributions for unemployment insurance in the amount of $486,859.10, directed that prompt payment be made and that *1480 interest would accrue from the due date to the date of the payment, and the auditor recommended that a penalty be imposed. The employer requested an informal hearing to discuss the assessment and submit additional documentation. The employer’s accountants thereafter had a conference with the auditor on December 11, 2007 at which additional documents were submitted and others were requested; the auditor indicated that he would propose a revised downward assessment (in the amount of $172,653.84) that would be subject to Department review and approval. The auditor submitted his revised report to the Department’s liability and determination section to make the final determination.
By determination filed December 24, 2007 and signed by a liability and determination section reviewing examiner, the Department rejected the auditor’s revised assessment and upheld the initial audit assessment, finding the employer liable for additional contributions of $486,859.10 for the audit period based upon its failure to report all of its employees, its use of a check cashing firm to avoid detection, its failure to record these payroll transactions and its failure to report over $9 million in wages paid to its employees. The employer was assessed a penalty of 50% of the amount of the deficiency based upon a finding that the employer had intentionally avoided paying unemployment contributions, resulting in a total amount due of $730,288.65.
On the same day as the Department’s determination, the employer mailed a check in the amount of the revised assessment, $172,653.84 including interest, and sent a letter indicating that it had agreed to the auditor’s revised audit findings and assessment based upon its belief that no penalty would be assessed. The auditor did not reply, but the check was processed and an accounting entry receipt was sent to the employer acknowledging the payment, which indicated that “revisions are pending” to the audit assessment. The auditor, unaware of the final determination, thereafter prepared a revised investigation report dated December 28, 2007 (hereinafter the revised report), calculating that additional contributions of $142,713.95 plus interest ($172,653.77) were due for the audit period, and a copy was mailed to the employer in January 2008. The auditor’s supervisors reviewed the revised report and concluded that records submitted by the employer were suspect and directed the auditor to obtain additional documentation; the employer did not comply with the auditor’s requests in February 2008 for this information.
Hearings were eventually held in 2012 to determine the *1481 amount of contributions due from the employer and its liability for a penalty, at which the employer argued that it had settled the matter by informal agreement with the auditor as reflected in the revised report and that the Department had accepted its check as payment in full. An Administrative Law Judge held that the parties had agreed to the reduced amount of $172,653.44 as calculated in the revised report and that the Department had accepted the employer’s check in that amount as payment in full, and that the employer had no further liability, cancelling the case. On the Commissioner of Labor’s appeal, the Unemployment Insurance Appeal Board held a hearing at which additional testimony was taken and proof submitted on the question of whether the revised report was the final determination. The Board concluded that the case was improperly canceled in that the auditor’s revised assessment was not a final determination and the employer’s payment was not a payment in full satisfaction of a final determination. The Board determined that the December 24, 2007 determination upholding the initial assessment amount with penalties was the final determination, and that it was still outstanding, and ordered that a hearing be held on the merits of the employer’s challenges to that determination. The employer now appeals.
We find no abuse of discretion or error in the Board’s determination to remand the matter for a hearing to address the employer’s challenges to the December 24, 2007 determination assessing additional contributions and penalties totaling $730,288.65 plus interest (see Labor Law § 621 [3]). While the employer contends that, following the conference and submission of additional documentation, the auditor reached a binding agreement with it to accept a reduced amount of contributions as reflected in the revised report, there is no evidence that the proposed revision was ever approved or adopted. The auditor’s testimony was uncontroverted that his audit reports were subject to internal review and approval, and that he had advised the employer repeatedly that his revised assessments had to be reviewed and approved, and that he did not have authority to issue a final assessment determination. There is no support in the record for the employer’s claim that the auditor had the authority to negotiate and issue a final revised report that would not be internally reviewable and would be binding, or that the auditor made such misrepresentations. Thus, the Board correctly concluded that the December 24, 2007 determination was the final determination, subject to administrative review (see Labor Law § 571).
The employer’s contention that the Department should be *1482 equitably estopped from issuing the final determination because the auditor had issued a revised report and the Department had accepted its check as payment in full and issued a receipt therefor is also without merit. Under established law, “the doctrine of equitable estoppel cannot generally be invoked against governmental agencies in the exercise of their governmental function” (Matter of Atlantic States Legal Found., Inc. v New York State Dept. of Envtl. Conservation, 119 AD3d 1172, 1173 [2014]), “unless there has been a showing of fraud, misrepresentation, deception, or similar affirmative misconduct, along with reasonable reliance thereon” (Matter of Regan v DiNapoli, 135 AD3d 1225, 1228 [2016] [internal quotation marks and citations omitted], lv denied 27 NY3d 913 [2016]).
Here, the auditor testified that he had advised the employer that the revised assessment would require approval. In addition, the employer’s letter to the auditor accompanying its check reflected its understanding that, while the auditor and the employer’s accountants had reached an agreement as to the amount of the assessment, the audit was not complete. To that end, the letter included additional requested documentation in order to permit the audit to be completed, and reserved the employer’s right to contest the assessment if the fraud penalty were assessed. While the employer may have misunderstood the effect of the revised report and mistakenly assumed it would be approved, and tendered its payment with that expectation and to avoid the accrual of additional interest, there is no evidence that the report itself or the auditor or any Department employee misrepresented or deceived the employer with regard to the audit process or the finality of the revised report. Accordingly, this is not that rare instance in which the facts support the invocation of equitable estoppel against the Department. Moreover, it was not reasonable for the employer to essentially ignore the December 24, 2007 determination, which assessed the contributions and imposed a penalty, and advised the employer of its right to request a hearing if it did not agree with the determination, which the employer did not then do (see Labor Law § 620 [2]). The employer’s remaining claims similarly lack merit.
Peters, P.J., Garry, Rose and Aarons, JJ., concur.
Ordered that the decision is affirmed, without costs.